MELYYN J. PEREZ, Judge Pro Tern.
On March 23, 1976, Dave Powell, plaintiff-appellant, age 53, sustained a fracture of his right foot while in the employ of Tac Amusement Company. He alleges he was helping unload pool tables from the company truck when the table fell and struck him.
The plaintiff-appellant was paid workmen’s compensation benefits and all medical expenses through October, 1976 when he was released for light duty. He returned to work briefly, then alleged he was still in substantial pain and could not work at all. He was offered another job by Tac, but he claims that he is totally disabled and seeks further compensation.
The plaintiff-appellant had been employed by Tac Amusement for approximately 14 years and was being paid a regular salary of $125.00 per week and also did clean-up work occasionally for Tac for which he was paid a nominal amount.
In addition to the workmen’s compensation suit that plaintiff-appellant filed, there was a tort action against Tac Amusement in proceedings No. 197-021 and styled “Dave Powell vs. Tac Amusement Co., Inc., et al”. He was unsuccessful in those proceedings, and plaintiff-appellant and defendant-appellee jointly moved the Court to decide the workmen’s compensation suit on the basis of the transcript and testimony adduced from the tort action. No treating physician or other medical expert testified at the trial. The trial judge read the same transcript that we read, and therefore the usual rule that the trial judge was in a better position to evaluate the credibility of these witnesses than we are now, is not applicable in this workmen’s compensation case, and the question before the Court was whether the plaintiff-appellant could return to work based on the medical testimony obtained during the trial. The actual credibility of the plaintiff-appellant also became an issue in this matter.
Benefits of workmen’s compensation act are liberally interpreted in favor of the claimant though he is still required to prove his claim by a fair preponderance of the evidence and to a legal certainity. Powell v. Patterson Truck Lines, Inc., 228 So.2d 254 (La.App.1969).
It is also true that rules and procedures are construed liberally in favor of the claimant in workmen’s compensation actions and the claimant’s testimony may be *503 entitled to more weight on same issues than is normally the case, though it must be supported and corroborated by the surrounded facts and circumstances. Freeman v. Standard Materials, Inc., 246 So.2d 258, writ denied, 248 So.2d 334.
To determine whether or not the plaintiff-appellant proved his claim by a fair preponderance of the evidence, we must look to the medical testimony of the numerous physicians who treated him.
After his injury on March 23, 1976, Dave Powell was first seen by Dr. Ralph McDo-nough. His diagnosis was that the plaintiff had abrasions along the medial side of his right leg from below the knee and including the right foot. There was also swelling and tenderness over the upper portion of the foot. Dr. McDonough saw him again on March 26, 1976 and advised Dave Powell to seek the services of an orthopedic doctor.
He then saw Dr. George Berkett that same day and the doctor concurred in Dr. McDonough’s findings.
Dave Powell then visited Dr. McDo-nough’s office on April 9, 1976 when a plastic cast was placed on his foot and removed with no complications several weeks later.
Dr. Berkett then had occasion to write to Dr. McDonough in May, 1976 and advised the doctor that the foot was moving normally.
Dr. McDonough’s testimony indicated that the abrasions and fractures of the foot were all healed the last time he saw him on June 17, 1976.
Dave Powell was then treated by Dr. Claude Williams who hospitalized him for a very short period of time and removed plantar fascia module from the sole of his foot, and advised plaintiff-appellant to return to work on September 22, 1976.
Dave Powell testified that in his opinion his leg had not healed and he was advised to see a psychiatrist. He was then treated by Dr. C.B. Scrignar, phychiatrist, from November 1,1979 to June 16,1980. Dr. Scrig-nar’s opinion contradicted that of the other physicians and he indicated that Dave Powell was not able to return to work and that said inability to return to work was due to a “conversion reaction”. Dr. Scrignar describes this “conversion reaction” as a complex series of events and of Dave Powell’s reactions to those events. He claims that Mr. Powell, having very little education, became frustrated and actually believed that he was paralyzed in that leg. Dr. Scrignar felt that Dave Powell had been told or was led to believe by other physicians that nothing more could be done for him, and that he reacted to this belief, either rightfully or wrongfully. Dr. Scrig-nar stated that this confusion and anxiety on the part of Dave Powell elicited a “conversion reaction”. In addition, Dr. Scrignar felt that Dave Powell’s current condition was directly related to the accident which occurred on March 23, 1976.
Several other treating physicians spoke of this “conversion reaction”, and Dr. Claude Williams and Dr. William Albert Martin stated there was no medical basis for linking the alleged nerve damage to plaintiff’s foot because it only manifested itself some seven (7) months after the accident. Both Dr. Williams and Dr. Martin stated that any alleged nerve damage to Powell’s foot was not caused by the accident since Powell made no complaints of same until some seven months after the accident.
In addition thereto, we have the testimony of Dr. Herman Colomb who examined the plaintiff on one occasion and felt that any alleged “conversion reaction” could not be traced back to Mr. Powell’s accident.
The overwhelming weight of the medical testimony indicates that Dave Powell could return to work. The. trial judge, in his reasons for judgment, felt that based on the testimony of Drs. William, Martin and Co-lomb, plaintiff was able to return to work. In October, 1976, the trial judge found further that there was insufficient medical evidence to support an alleged “conversion reaction”, and that there was no medical basis for linking the nerve damage to plaintiff’s foot to the accident itself. The trial judge also took note of the testimony of Dr. Co- *504 lomb and Mr. Elmo Bienvenu and Anthony Taffaro regarding Dave Powell’s spry movements when he was unaware that anyone was observing him. Therefore, the credibility of the witness himself was taken into consideration by the trial judge.
We also have the records of Charity Hospital that were introduced into evidence, and a notation therein indicated that Dave Powell was malingering. Plaintiff-appellant cited the case of Muse v. Sentry Insurance Co. 269 So.2d 609, which stated that compensation awards are allowed for disability resulting from neurosis caused by an injury in the course of employment and that there is no necessity that there be physical disability.
However, taking into consideration all of the medical testimony adduced, the great majority of the treating physicians, who were numerous, felt that there was no connection between the nerve damage experienced by Dave Powell some seven months after the accident and resulting diagnosis of and a “conversion reaction” thereto. For the above and foregoing reasons, the judgment of the lower court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.