W. ELLIS BOND, Judge Pro Tem.
Plaintiff-Appellant received an injury to his left eye while in the course and scope of his employment by Zim’s Alignment Service in October 1978. The injury resulted in partial loss of vision in that eye. He returned to work thereafter and continued to perform the duties of his job, with some limitations, until he was discharged in April 1982 when his employer learned he was about to leave to open a competitive business. Thereafter, plaintiff opened Bruce’s Alignment Service and continued to operate it at the time of trial in August 1984.
The trial court ruled that plaintiff is permanently partially disabled as a result of the partial loss of vision in his left eye.
LSA-R.S. 23:1221 in effect at the time of plaintiff’s injury provided:
“Compensation shall be paid under this Chapter in accordance with the following schedule of payments....
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training or experience, sixty six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of the injury particularly fitted by reason of education, training and experience, during the period of disability.not beyond a maximum of four hundred fifty weeks for such partial disability resulting from injury occurring on and after September 1, 1977.”
The court found that plaintiff will not be able to compete with able-bodied workers in the job market and determined that he is able to engage in gainful activity at some job for which he is fitted by education, training or experience. See Jacks v. Banister Pipelines of America, 396 So.2d 604 (La.App. 1st Cir.1981), affirmed as amended, 418 So.2d 524 (La.1982). It was also determined that plaintiff was earning a weekly wage of $748.62 at Zim’s when injured, but was not presently entitled to be paid any weekly compensation benefits because he was now earning a greater amount from the operation of his own business; a sole proprietorship.
The issue presented by this appeal is whether the court correctly computed plaintiff’s earnings by refusing to deduct from his gross earnings, after payment of business expenses, the sum claimed on his income tax returns for depreciation of his business equipment. Plaintiff urges that his net profit does not include sums permitted to be deducted as non-taxable income.
Governmental permission not to pay income taxes upon a portion of profits earned through the use of machinery or other objects is simply an encouragement in the interest of the general economy.
Taxing authorities require the payment of taxes upon the earnings from venture capital, less the cost of items consumed in the process, and grant a forebearance of taxes upon some arbitrary portion thereof as depreciation of equipment to induce the investor to continue in business, or re-engage so to speak, when the investment has been exhausted through use.
In the case of LaFleur v. Hartford Insurance Company, 449 So.2d 725 (La.App. 3rd Cir.1984), we held that profits from such a sole proprietorship should be considered equivalent to wages in workmen’s compensation cases. We referred to profits as the difference between gross income and necessary expenses in operating the business, without having referred to depreciation. Duvio v. Continental Casualty Co., 446 So.2d 436 (La.App. 4th Cir.1984).
It has been held that the word income is not synonymous with income under federal or state tax laws, but includes such things as depreciation. Robinson v. Robinson, *397 412 So.2d 633 (La.App. 2nd Cir.1982), and Stolier v. Stolier, 357 So.2d 1334 (La.App. 4th Cir.1978), writ denied, 359 So.2d 621 (La.1978).
We determine that the sum of money not taxed by the government in this case because of an allowance for depreciation of machinery and equipment, after the payment of necessary expenses of business operations, is profit and was properly considered as earnings by the trial court.
Plaintiff suggests that we remand to permit determination of benefits due and unpaid for years prior to 1983, and develop a formula for determining any future payments due. We note that only the issue of unpaid compensation was presented to the court in the pleadings herein, and that the burden is upon the plaintiff to establish his case by a preponderance of the evidence. Brown v. Hertz Corp., 246 So.2d 32 (La. App. 4th Cir.1971), writ denied 258 La. 576, 247 So.2d 394 (1971); Powell v. TAC Amusement Co., 424 So.2d 501 (La.App. 5th Cir.1982); and, Tillman v. Hartford Acc. & Indemnity Co., 314 So.2d 507 (La. App. 1st Cir.1975), writ denied 320 So.2d 548 (La.1975).
The trial court based its ruling upon the evidence presented and found that no benefits were due and unpaid. We find no manifest error in that ruling.
“Where there is no evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.” Canter v. Koehring, 283 So.2d 716-724 (La. 1973), Clinton v. American Mutual Liability Ins. Co., 422 So.2d 570 (La.App. 3rd Cir.1982).
This case may be subject to further consideration by the trial court whenever a change in circumstances require the payment of benefits and they are not paid. Therefore plaintiff’s rights in the future are preserved.
We decline to speculate upon possible future changes in plaintiff's wages or business profits.
The judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.