**FIREPLACE EQUIPMENT and State Compensation Insurance Authority, Petitioners,**

v.

**Emrick E. PETRUSKA, the Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Respondents.**

No. 89CA0403.

Colorado Court of Appeals, Div. I.

July 19, 1990.

Paul Tochtrop, Denver, for petitioners.

Fogel, Keating & Wagner, P.C., John A. Steninger, Denver, for respondent Emrick E. Petruska.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Karen E. Leather, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge REED.

Petitioners, Fireplace Equipment and State Compensation Insurance Authority, seek review of the determination by the Industrial Claim Appeals Office (Panel) that depreciation of claimant's truck, as shown on his income tax return, was a proper reduction of claimant's earnings for purposes of calculating worker's compensation benefits. We set aside the order.

In January 1986, the claimant, Emrick E. Petruska, sustained an admitted work-related injury while employed by Fireplace Equipment. Six months after the accident, he became self-employed as the driver of a truck purchased by him. For the 26 weeks of operation in 1986, he claimed upon his federal income tax return the sum of $12,-500 for vehicle depreciation. During 43 weeks of operation in 1987, he claimed upon his federal income tax return the sum of $11,000 for vehicle depreciation. These deductions substantially reduced his reported gross income from the truck operation.

Upon a hearing to determine the temporary partial disability benefits to which

claimant was entitled, as here pertinent, the administrative law judge (ALJ) calculated the claimant's impairment of earning capacity by comparing his pre-injury average weekly earnings with that received while a self-employed trucker. In so doing, the ALJ disallowed, as a reduction from his gross receipts, the amounts claimed as truck depreciation. This had the effect of greatly increasing the gross receipts.

Hence, for the 26 weeks that claimant was self-employed in 1986, his post-injury earnings exceeded those received while employed by Fireplace, and no benefits were awarded. For the 43 weeks in 1987, the temporary partial disability benefits were substantially reduced by the disallowance of the claimed depreciation.

On review, the Panel set aside the ALJ's order and assessed the temporary partial disability benefits to be awarded to claimant. The Panel relied on *Winters v. Industrial Commission*, 736 P.2d 1256 (Colo. App.1986) in finding that "the depreciated value of claimant's business asset should be characterized as an expense incurred in generating his earnings in the same manner as the other business expenses itemized on his tax return." The Panel, therefore, allowed claimant to deduct the truck's depreciation from his income, thus reducing his income and entitling him to greater benefits.

■■■ Petitioners contend that, in determining claimant's impaired earning capacity, the Panel erred by ordering that his post-injury earnings be reduced by the amount claimed for depreciation upon his federal income tax return. We agree.

We conclude that the Panel's reliance upon *Winters v. Industrial Commission, supra,* is misplaced. *Winters* held that a claimant's post-injury withdrawal of money from his own business to defer living expenses, and not received as a result of work performed, was not properly included in the determination of wage loss. *Winters* does not address the issue of depreciation, but rather stands only for the proposition that the amounts which are not the result of personal labor efforts of a claimant should not be included as part of earn-

ings. Hence, the holding in *Winters* is inapplicable here.

Rather, we conclude that the proper analysis is that set forth in *Broussard v. Zim's Alignment Service, Inc.*, 488 So.2d 395 (La.App.1986). There, the Louisiana appellate court affirmed the actions of the trial court which, similar to the ALJ here, refused to include within the claimant's business expense the sum claimed on his income tax return for the depreciation of business equipment. We agree with the Louisiana court that the income tax allowance for depreciation is an arbitrary factor intended to encourage the general economy within the scheme of taxation.

Simply stated, a determination of taxable income is not necessarily relevant to the determination of a worker's earnings for the purposes of determining temporary partial disability benefits. The absence of a relationship between the claimed depreciation and claimant's post-injury earnings is apparent from the disparity in the amounts of depreciation, as compared with the time of the truck's operation, within the two years in question. *Contra Florida Timber Products v. Williams*, 459 So.2d 422 (Fla. App.1984).

We agree with the reasoning of the Louisiana court that depreciation does not require an actual cash outlay and, in essence, gives a claimant more income because he is not taxed on the income that he is permitted to deduct as depreciation. An allowance for depreciation results in a sum of money that is not taxed and, therefore, should not be included in claimant's earnings.

Support for our conclusion is found in *Filippone v. Industrial Commission*, 41 Colo.App. 322, 590 P.2d 977 (1979). In *Filippone*, this court held that the amounts paid for maintenance and overhead, which were included in claimant's wages, should not be subtracted to determine the worker's earnings. Rather, his earnings were determined upon the gross receipts without an allocation of a portion to maintenance or overhead. We conclude that this analysis is particularly applicable to a claim for depreciation which is arbitrarily determined

by a scheme of taxation and which can vary depending upon the formula by which it is applied. Depreciation, like overhead in *Filippone*, does not constitute a valid deduction from gross receipts in ascertaining a worker's earnings.

The order of the Panel is set aside, and the cause is remanded with instructions that the temporary partial disability benefits be awarded as determined by the ALJ.

PIERCE and METZGER, JJ., concur.