Timothy **BRANDON**, Plaintiff–Appellee and Cross–Appellant,

v.

**STERLING COLORADO BEEF COMPANY**, Defendant–Appellant and Cross–Appellee.

No. 90CA0624.

Colorado Court of Appeals, Div. V.

Aug. 29, 1991.

Rehearing Denied Oct. 3, 1991.

Certiorari Denied April 6, 1992.

James A. Carleo, Colorado Springs, for plaintiff-appellee and cross-appellant.

Berryhill, Benjamin, Cage & North, P.C., James R. Cage, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge NEY.

Defendant, Sterling Colorado Beef Company, appeals the trial court's denial of its motion for judgment notwithstanding the verdict following the entry of a jury verdict in favor of plaintiff, Timothy Brandon. Plaintiff cross-appeals the trial court's amended judgment notwithstanding the verdict setting aside the jury's award of exemplary damages. We reverse the judgment in favor of plaintiff.

While employed by defendant, plaintiff suffered a work-related injury for which he received workers' compensation benefits. Defendant was a self-insured employer whose workers' compensation claims program was administered by an insurance adjustment firm, Employer's Unity. After a hearing before the Department of Labor, the parties entered into a settlement agreement under which plaintiff was paid further benefits and under which he retained the right to reopen his workers' compensation claim in the future.

Plaintiff then left defendant's employ and secured other employment. Later, he reopened his original claim and received authorization for additional surgery and benefits from defendant's insurance adjuster. Subsequent to this treatment, a second hearing was held before the Department of Labor. There, plaintiff was awarded disability benefits, and defendant was ordered to provide a vocational rehabilitation evaluation.

Defendant appealed the decision of the hearing officer to the Industrial Commission, which affirmed the order. Thereafter, defendant sought judicial review of the Industrial Commission's affirmance in this court, and the Industrial Commission ruling was affirmed on that review. *See Sterling Colorado Beef Co. v. Industrial Commission*, (Colo.App. No. 86CA0195, Nov. 6, 1986) (not selected for official publication). Plaintiff was then paid all back benefits, including interest. A further settlement of all claims was reached whereby plaintiff was paid future disability and vocational benefits.

Plaintiff then brought this action in district court alleging that defendant had frivolously appealed the decisions of the hearing officer and of the Industrial Commission and that this conduct constituted bad faith. The jurors agreed and awarded plaintiff economic, non-economic, and exemplary damages. However, the award of exemplary damages was set aside by the trial court. This appeal followed.

I.

Defendant contends that its pursuit of an appeal and judicial review did not, as a matter of law, constitute acts of bad faith. We agree.

If bad faith is alleged, the standard for measuring the conduct of an insurer is comprised of two elements: (1) unreasonable conduct and (2) knowledge that the conduct is unreasonable or a reckless disregard for the fact that the conduct is unreasonable. *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985). Consequently, we must examine the record for any evidence which would support the conclusion that the actions of defendant are in violation of that standard.

At the second hearing before the Department of Labor, plaintiff contended that the compensable injury was suffered when he was employed by defendant and that progressive deterioration stemming from that original injury was responsible for his worsened condition and need for additional treatment. Defendant, on the other hand, questioned this contention, maintaining instead that plaintiff had further injured himself with physically strenuous employment subsequent to leaving the employ of defendant. Based upon the conflicting evidence, it was the finding of the hearing officer that plaintiff's contention was correct, that his present condition stemmed from the original injury.

Such a factual finding by an administrative hearing officer may not be overturned on appeal if supported by any substantial evidence. *Savio House v. Dennis*, 665 P.2d 141 (Colo.App.1983). Because factual findings are seldom the result of less than any substantial evidence, they are rarely overturned. However, if a party

contends that the findings of fact are not supported by the evidence and, thus do not support the order, that party has a statutory right to appeal the decision. *See* §§ 8–53–119, 8–53–120, C.R.S. (1986 Repl. Vol. 3B).

■ Resort to a judicial forum is not per se bad faith or unfair dealing on the part of an insurer regardless of the outcome of the suit. *Norman's Heritage Real Estate Co. v. Aetna Casualty & Surety Co.*, 727 F.2d 911 (10th Cir.1984). Rather, an insurer may challenge claims which are fairly debatable and will be found to have acted in bad faith only if it has intentionally denied (or failed to process or pay) a claim without a reasonable basis. *Travelers Insurance Co. v. Savio, supra.*

■ If an insurer possesses a mistaken belief that the claim is not compensable, it may be within the scope of permissible challenge even if its belief is incorrect. It is the burden of the insured to establish the insurer's knowledge or reckless disregard of the fact that a valid claim has been submitted. *Travelers Insurance Co. v. Savio, supra.*

The record does not support a conclusion that defendant acted in an unreasonable manner in prosecuting its appeal to the Industrial Commission or judicial review in this court. Neither does it show that defendant knowingly or in reckless disregard engaged in conduct that was unreasonable. On the contrary, the record shows that defendant prosecuted its appeals based on the recommendations of its own counsel and that of its professional insurance adjusting firm and that firm's attorneys.

■ While it is true that at trial, expert witnesses offered their opinions that defendant had virtually no chance of prevailing on appeal, that fact alone is not sufficient to prove unreasonable conduct on the part of defendant who had at that time relied upon the advice of its own experts. Here, there is no evidence in the record to support a claim of bad faith beyond the opinion of experts that the ruling of the hearing officer would be difficult to challenge successfully on appeal.

Consequently, because the record is devoid of evidence that, in prosecuting the appeals, defendant engaged either knowingly or unknowingly in conduct that was unreasonable, we conclude that, as a matter of law, defendant's actions did not constitute bad faith under *Travelers Insurance Co. v. Savio, supra.* Consequently, the judgment of the trial court cannot stand. *Cf. Surdyka v. DeWitt*, 784 P.2d 819 (Colo.App.1989).

Because we set aside the judgment in favor of plaintiff, we do not address the other contentions of the defendant.

## II.

Plaintiff contends on cross-appeal that the trial court erred in vacating the jury's award of exemplary damages. However, because we have reversed the judgment of the trial court upon which the award of damages was predicated, we do not address this contention.

The judgment entered on the jury verdict is reversed.

PLANK and JONES, JJ., concur.