Edward TOZER, Plaintiff–Appellee,

v.

SCOTT WETZEL SERVICES, INC., a Washington corporation authorized to do business in the State of Colorado, Defendant–Appellant.

No. 92CA2105.

Colorado Court of Appeals, Div. III.

March 10, 1994.

Rehearing Denied April 7, 1994.

Certiorari Denied Oct. 24, 1994.

Worstell & Dunning, Louis A. Weltzer, Neal K. Dunning, Denver, for plaintiff-appellee.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Hall & Evans, L.L.C., C. Willing Browne, III, Malcolm S. Mead, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Scott Wetzel Services, Inc., appeals the judgment entered on a jury verdict in favor of plaintiff, Edward Tozer. We reverse.

The trial here was held in accordance with the remand order entered in *Scott Wetzel Services, Inc. v. Johnson*, 821 P.2d 804 (Colo. 1991). There our supreme court affirmed the conclusion of panels of this court that an independent claims adjusting company, such as defendant, owes a duty of good faith to a client's injured employee in investigating and processing a workers' compensation claim, notwithstanding an absence of any contractual privity with the employee. At the trial on remand, the jury found for plaintiff on his claim of breach of good faith and awarded economic, non-economic, and exemplary damages.

Defendant is an independent insurance adjuster which was engaged by Safeway Stores, Inc., to process and adjust Safeway's workers' compensation claims. Plaintiff, Edward Tozer, was a Safeway employee. He also worked nights at his own janitorial business.

Plaintiff suffered a work-related injury. Safeway, acting through defendant, admitted liability for temporary total disability benefits and began paying plaintiff for such benefits.

Because of the injury and subsequent surgery, plaintiff was unable to work for several months. And, the injury forced him to cease work again after two weeks, at which time defendant resumed payment for temporary total disability. Later, plaintiff's doctor concluded that he had reached maximum medical improvement and rated plaintiff as having a ten percent permanent partial impairment of the right shoulder.

At that time, defendant filed its final admission of liability, admitting liability for an amount representing partial permanent disability and ceased temporary total disability payments. Plaintiff objected to defendant's admission, asserting that he was entitled to vocational rehabilitation and greater benefits for permanent partial disability.

Plaintiff's doctor released him to light duty work at his janitorial company, but recommended that he not resume his duties at Safeway. At a later date, plaintiff also underwent surgery for problems related to his shoulder injury. Because he was unable to resume any work after that surgery, defendant again began paying temporary total disability benefits to him.

Some months later, plaintiff's doctor again found that he had reached maximum medical improvement and that his permanent partial impairment rating remained at ten percent disability of his right shoulder. Defendant then filed a second final admission of liability, admitting liability for temporary total disability benefits for the period after surgery and for permanent partial disability thereafter. Plaintiff again contested this admission of liability.

The Administrative Law Judge (ALJ) determined that, during the period that plaintiff was unemployed by Safeway, but was working in his janitorial business, he was entitled to receive temporary partial disability benefits. The amount of such benefits was based upon the ALJ's findings as to the amount of net income received by plaintiff from this business while he was partially disabled.

In determining this net income, the ALJ found that plaintiff's business, during the year of his surgery, had gross receipts of some $83,000. Based upon plaintiff's income tax returns for that year, the ALJ deducted from such gross receipts certain business expenses, including depreciation for equipment, salaries, and taxes. These deductions resulted in a net income from the business of some $18,500, which the ALJ divided equally between plaintiff and his wife, due to her participation in the business.

Based on the deduction of certain of these expenses and the division of income from the business between plaintiff and his wife (which lowered plaintiff's net income for the pertinent period), counsel for both Safeway and defendant recommended that the ALJ's order be appealed to the Panel. Such an appeal was, in fact, initiated and pressed.

During the pendency of that appeal, plaintiff was not paid the temporary disability benefits called for by the ALJ's order. The Panel approved the ALJ's order, and defendant began the payment of benefits immediately upon being notified of the Panel's decision.

The basis for plaintiff's assertion that defendant committed a bad faith refusal to settle his workers' compensation claim is that the appeal from the ALJ to the Panel was unreasonable and engaged in simply to delay the payment of the benefits found by the ALJ to be due. Defendant argues, however, that its pursuit of that appeal was not unreasonable, as a matter of law, and that the prosecution of that appeal, therefore, could not constitute a bad faith breach of the obligations owed to plaintiff, as its insured. We agree.

In *Farmers Group, Inc. v. Trimble,* 691 P.2d 1138 (Colo.1984), our supreme court recognized a tort claim based upon a "bad faith" refusal to settle a claim made against an insurance policy. In a third-party claim, *i.e.,* a situation in which the insurer is required to represent the insured's interests and, thus, a quasi-fiduciary relationship arises, such duty is violated by negligence on the insurer's part.

■ On the other hand, if the claim is one made directly by the insured, negligence is not the standard by which to judge the insurer's actions. Rather, in the case of a "first party" claim, an insurer will be held liable for a bad faith refusal to settle a claim only if it is shown that the insurer's conduct was unreasonable and that the insurer knew that such conduct was unreasonable or acted with a reckless disregard of its unreasonableness. And, a claim made by an employee under a policy providing workers' compensation coverage is considered such a first party claim. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985).

■ In *Scott Wetzel Services v. Johnson, supra,* our supreme court imposed upon a self-insured employer and an independent claims adjustment service the same obligation to process workers' compensation claims in good faith as would be imposed upon any insurer providing workers' compensation coverage in like circumstances. Hence, that employer or its adjustment service will be held liable if either takes unreasonable action with the requisite knowledge or reckless disregard.

As a result of this conclusion, the supreme court in *Scott Wetzel Services* affirmed the reversal of the trial court's judgment dismissing plaintiff's tort claim, because that judgment was based upon the trial court's conclusion that defendant owed no duty to plaintiff. In reaching the conclusion that such a duty was owed, however, the supreme court did not pass upon the substantive merits of plaintiff's claim.

We now engage in that assessment, and must first consider whether plaintiff's evidence was sufficient, as a matter of law, to permit the finding that defendant's action in appealing the ALJ's determination to the Panel was "unreasonable." We conclude that his evidence was insufficient in this respect.

At the time of the occurrence giving rise to plaintiff's claim, the Panel, in reviewing any ALJ's decision, was required to accept all findings of fact that were supported by substantial evidence and could reverse or modify the ALJ's decision only if those findings were not so supported or if the ALJ had committed some other error of law. Section 8–53–111(7), C.R.S. (1986 Repl.Vol. 3B) (now recodified as § 8–43–301(8), C.R.S. (1993 Cum. Supp.)). Hence, an appeal to the Panel must consist of the presentation of statements of position and argument upon the manner in which the law is required to be applied to the findings made by the ALJ. And, the statute, on its face, authorizes an appeal to the Panel by "[a]ny party dissatisfied" with an order entered by the ALJ. Section 8–53–111(1.1), C.R.S. (1986 Repl.Vol. 3B) (now § 8–43–301(2), C.R.S. (1993 Cum.Supp.)).

■ At the time of the proceedings before the Panel here, there was no provision authorizing the imposition of a penalty for the improper maintenance or defense of a claim. Presently, however, attorney fees, costs, and interest may be assessed against any party asserting a claim or a defense that lacks "substantial justification." "Substantial jus-

tification" is defined as a claim or defense that is "substantially frivolous, substantially groundless, or substantially vexatious." Section 8–43–216(1), C.R.S. (1993 Cum.Supp.).

This language, therefore, establishes the same standard to determine whether a party's actions are improper in administrative proceedings under the Workers' Compensation Act as the General Assembly has established as the standard for propriety in asserting or defending against civil claims in the courts. *See* §§ 13–17–101 and 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A).

Given the present uniform application of this standard, we conclude that it is this standard, and not some other, that must be applied in determining whether the commencement or maintenance of legal proceedings (including administrative proceedings under the Workers' Compensation Act) is "unreasonable" for purposes of a bad faith claim of the kind asserted by plaintiff here. *See Brandon v. Sterling Colorado Beef Co.,* 827 P.2d 559 (Colo.App.1991).

Under that standard, an administrative appeal can be considered to be "frivolous" and, hence, unreasonable only if there is "no rational argument based on law or evidence" that could be made in support of that appeal. *See Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063, 1069 (Colo.1984).

■ Further, we consider the question of the reasonableness of such action to be one for the court and not one for lay fact finders. To submit such a question to the jury would not only require the jurors to assess the reasonableness of a legal argument, but it would require the parties, as they were required to do here, to provide the jurors with legal advice through the guise of expert testimony. This, itself, is improper. *See Maloy v. Griffith,* 125 Colo. 85, 240 P.2d 923 (1952); *Grogan v. Taylor,* 877 P.2d 1374 (Colo.App. 1993).

■ Finally, we conclude that the defendant's appeal of the ALJ's order here and the legal argument made in support of that appeal cannot be considered to be frivolous.

In that appeal to the Panel, defendant asserted that the ALJ erred, as a matter of law, in calculating plaintiff's temporary partial disability benefits. Specifically, defendant claimed that the ALJ erred in calculating plaintiff's net income from his janitorial business by deducting from his gross income amounts claimed for certain business expenses reflected on his 1984 federal tax return. In addition, it argued that the evidence did not support the finding that plaintiff's wife took an active part in the janitorial business and, hence, that the ALJ erred in dividing the income from that business between the two of them.

*Filippone v. Industrial Commission,* 41 Colo.App. 322, 590 P.2d 977 (1979) held that, in determining an employee's weekly wages paid by an employer, there should not be deducted from an employee's wages the maintenance or overhead expenses of a truck furnished by the employee. Similarly, while this case was pending before the trial court, a division of this court, relying on *Filippone,* held that the Panel erred in ordering that a self-employed claimant's post-injury earnings be reduced by the amount of claimed depreciation of business equipment as reflected by claimant's federal income tax returns. *Fireplace Equipment v. Petruska,* 796 P.2d 75 (Colo.App.1990).

Although our supreme court later disapproved of this conclusion and held that depreciation of business equipment should be deducted in determining a self-employed individual's net income, *Elliott v. El Paso County,* 860 P.2d 1363 (Colo.1993), the issue was an open question at the time of defendant's appeal to the Panel here, and the division's conclusion in *Fireplace Equipment* demonstrates that there was a reasonable and rational basis for defendant's argument. Pursuit of that appeal, therefore, was not legally frivolous. *See Colorado Supply Co. v. Stewart,* 797 P.2d 1303 (Colo.App.1990). Hence, it cannot be considered to be unreasonable for purposes of plaintiff's tort claim.

Likewise, defendant's argument that the evidence did not support the ALJ's division of the business income between plaintiff and his wife was also not frivolous.

In light of this conclusion, we need not address defendant's other contentions.

The judgment is reversed, and the cause is remanded to the trial court with directions to dismiss plaintiff's complaint with prejudice.

DAVIDSON and TAUBMAN, JJ., concur.