BCW ENTERPRISES, LTD. and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO and LaTonya Edelen, Respondents.

No. 96CA1033.

Colorado Court of Appeals, Div. II.

Sept. 18, 1997.

Rehearing Denied Oct. 30, 1997.

Certiorari Denied Oct. 19, 1998.

Dufford & Brown, P.C., Douglas P. Rueg-segger, Denver, for Petitioners.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for Respondent La-Tonya Edelen.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge DAVIDSON.

In this workers' compensation proceeding, BCW Enterprises, Ltd., and its insurer, the Colorado Compensation Insurance Authority (CCIA), seek review of the final order of the Industrial Claim Appeals Office (Panel) upholding the denial of their request for penalties against counsel for LaTonya Edelen (claimant). We set the order aside and remand with directions.

This case, which has a protracted procedural history, began when claimant sustained an admitted injury on November 22, 1992. Dissatisfied with the treatment she received from her authorized physician, claimant sought a change of physician which was granted by order of the Administrative Law Judge (ALJ) on October 14, 1994. CCIA appealed, arguing that the ALJ was precluded from authorizing a change in physician because claimant had been placed at maximum medical improvement. The Panel held in favor of CCIA and its decision was affirmed by a division of this court in *Edelen v. BCW Enterprises, Ltd.* (Colo.App. No. 95CA1742, May 23, 1996) (not selected for official publication).

While the appeal was pending, claimant applied for a hearing requesting penalties against CCIA on the ground that it was delaying medical care for her as well as further delaying the adjudication of her claim. CCIA then filed a motion to dismiss.

In her response, claimant reiterated that her request for fees against CCIA was based on § 8–43–304(1), C.R.S.1997, the general provision for violations of the Workers' Compensation Act, and Colo. Sess. Law 1991, ch. 219, § 8–43–216(1) at 1321 (repealed effective March 1, 1996), which provided for the assessment of attorney fees in frivolous actions. Claimant additionally alleged that the appeal taken by the CCIA was lodged in bad faith. Nevertheless, she did confess that "the penalty issues should be held in abeyance pending the outcome of the appeal."

The ALJ granted CCIA's motion to dismiss.

Thereafter, CCIA filed a request for attorney fees against claimant's counsel pursuant to § 8–43–211(2)(d), C.R.S.1997, which permits the recovery of fees against a party who files an application for hearing on any issue

not yet ripe for consideration. CCIA also sought attorney fees under § 8–43–216(1).

Without conducting a hearing, the ALJ denied the motion. CCIA petitioned for review and the Panel upheld the ALJ's denial of fees under § 8–43–211(2)(d), but remanded for a hearing on the issue of fees under § 8–43–216(1). CCIA then brought this appeal challenging that part of the Panel's order which upheld the denial of fees under § 8–43–211(2)(d).

■ CCIA contends that it was entitled to the fees and costs mandated under § 8–43–211(2)(d) because claimant's request for penalties against it presented an issue that was not ripe for consideration during the pendency of the appeal in the underlying matter. Although we agree with CCIA, we first address whether, under the circumstances here, the order denying penalties is an appealable order. We conclude that it is.

## I.

Pursuant to § 8–43–301(2), C.R.S.1997, a petition to review may be filed by "[a]ny party dissatisfied with an order which requires *any party to pay a penalty or benefits* or *denies a claimant any benefit or penalty* . . . ." (emphasis added) This section governs the appealability of an order issued by the ALJ or Panel and, accordingly, also determines whether such an order may be reviewed by this court. *U.S. Fidelity & Guaranty, Inc. v. Kourlis,* 868 P.2d 1158 (Colo. App.1994); *American Express v. Industrial Commission,* 712 P.2d 1132 (Colo.App.1985).

■ Under the plain language of § 8–43–301(2), only the claimant is granted the right to request a review of the denial of the penalty. *See Bradley v. Industrial Claim Appeals Office,* 841 P.2d 1071 (Colo.App. 1992) (CCIA had no standing to contest award of fees to attorney where the order at issue imposed no penalty or any other additional liability upon CCIA).

■ Further, the term "penalty," as it is used in the statue, includes statutory sanctions imposed on a party for the failure to obey orders of the Panel or adhere to mandatory procedural requirements and, therefore,

can be viewed as encompassing the fee award CCIA seeks under § 8–43–211(2)(d). *See American Express v. Industrial Commission, supra.*

## A.

■ CCIA urges that, since it is the party seeking the sanction of fees, it should be deemed a "claimant" under § 8–43–301(2). We disagree.

■ It is true that the general definition of the term "claimant" as "one that asserts a right of title," *see Webster's Third New International Dictionary* 414 (1968), arguably could apply to CCIA. However, although not formally defined, the term is used in the Workers' Compensation Act exclusively as a reference to the injured employee and/or the employee's dependents. *See* §§ 8–40–202(1)(d), 8–41–503, 8–43–103(1), 8–43–201, 8–43–403, C.R.S.1997. Additionally, Department of Labor & Employment Rule II, 7 Code Colo. Reg. 1101–3, defines the term "claimant" to mean "an employee or dependent of a deceased employee claiming entitlement to benefits under the Act." We conclude, therefore, that the term "claimant" does not include CCIA.

## B.

CCIA argues, however, that this construction of the term "claimant" impedes the right of employers and insurers to recover legislatively authorized sanctions against employees even when the sanction is mandatory, as is the fee provision in § 8–43–211(2)(d). CCIA claims that such restriction on its right to seek review of the denial of a penalty abridges its right to access to the courts under Colo. Const. art. II, § 6.

■ Under the right to access, parties are entitled to judicial review of an administrative agency's decision that affects their substantive statutory rights. *Allison v. Industrial Claim Appeals Office,* 884 P.2d 1113 (Colo.1994) (holding that discretionary certiorari review by the court of appeals in workers' compensation cases is unconstitutional). The imposition and denial of penalties implicates substantive rights and liabilities. *See*

*Diversified Veterans Corporate Center v. Hewuse,* 942 P.2d 1312 (Colo.App.1997).

■ We agree with CCIA that a literal application of § 8–43–301(2) could be read to preclude parties other than the employee or the employee's dependents from obtaining any review of an order denying recovery of a penalty. And, such a reading of the statute could raise serious questions as to the constitutionally protected right to access to the courts. Such a result, however, would be at odds with the guiding principle that a statute must be construed in a manner that gives effect to the legislative purpose underlying its enactment and that achieves a just and reasonable result consistent with that purpose. *Rocky Mountain General v. Simon,* 827 P.2d 629 (Colo.App.1992). Moreover, when possible, statutes should be construed so as to avoid questions of their constitutional validity. *Adams County School District No. 50 v. Heimer,* 919 P.2d 786 (Colo.1996).

■ With these principles in mind, we conclude that although the term "claimant" as used in the Workers' Compensation Act does not include an employer or its insurer, nonetheless, the statute does not prohibit review of an order denying to them recovery of a penalty.

### C.

■ Neither party disputes, and we agree, that the legislative purpose underlying the restrictions placed on the review of orders is to avoid piecemeal litigation of workers' compensation claims. Hence, toward that end, § 8–43–301(2) and its predecessor statutes have defined what is a final, appealable order. *See Industrial Commission v. Fort Logan Mental Health Center,* 682 P.2d 1185 (Colo.1984).

As an illustration, prior to 1983, only an award which allowed or denied a claim for compensation was reviewable as a final order. *See Kalmon v. Industrial Commission,* 41 Colo.App. 259, 583 P.2d 946 (1978). In 1983, the scope of a reviewable order was expanded to include "any order which requires any party to pay a penalty or benefits or denies a claimant any benefits." *See* Colo. Sess. Laws 1983, ch. 79, § 8–53–114(2) at 421. Discussion of the 1983 amendment in Senate committee meetings indicates that the change was recommended in an effort to clarify when review of an order could be taken immediately so the parties did not waste considerable amounts of time and money appealing orders which would ultimately be deemed interlocutory. *See* Hearings on S.B. 83–386 before the Senate Committee on Business Affairs & Labor, 54th General Assembly, First Regular Session (March 22, 1983).

■ Nowhere within this statutory scheme, however, is there an expression of intent by the General Assembly to deny completely the right of review to a particular party. Furthermore, it remains that an interlocutory order becomes reviewable when appealed incident to or in conjunction with an otherwise final order. *See American Express v. Industrial Commission, supra* (insurers and employers may seek review of an interlocutory order when it is issued incident to an order meeting the finality requirements of § 8–43–301(2)).

■ A burden on a party's right to access to the courts will be upheld so long as it is reasonable. *Sears v. Romer,* 928 P.2d 745 (Colo.App.1996). Thus, we read § 8–43–301(2) not to preclude any review of the denial of a penalty to an employer or insurer, but merely to classify such order as interlocutory. Although such classification may delay review of that order, appellate review is still afforded. *See* § 8–43–307(1), C.R.S.1997 (permitting commencement of an action by any interested party when that party is dissatisfied with a final order); *American Express v. Industrial Commission supra.*

This determination, that an immediate right of appeal exists for the denial of a penalty only when it no longer falls within the definition of an interlocutory order, not only gives effect to the plain language of § 8–43–301(2) and its legislative purpose, but, at the same time, preserves the right of insurers and employers to access to the courts. We consider any delay in the right to appeal until a separate final order has been issued as a reasonable accommodation between such right to access and the legisla-

tive purpose underlying § 8–43–301(2) to avoid piecemeal appeals.. *See Sears v. Romer, supra.* *Cf. State Farm Mutual Automobile Insurance Co. v. Broadnax,* 827 P.2d 531 (Colo.1992); *Firelock, Inc. v. District Court,* 776 P.2d 1090 (Colo.1989).

### D.

CCIA also contends that, if the term "claimant" is construed to exclude employers and insurers, then § 8–43–301(2) violates equal protection and due process by treating employers and insurers dissimilarly from employees. We do not agree.

Even if we assume, *arguendo,* that § 8–43–301(2) creates a disparate classification, under the rational basis standard of review which applies here, such disparate treatment is nevertheless constitutional if it is rationally based on differences that are real and not illusory and that are reasonably related to a legitimate state interest. *Christie v. Coors Transportation Co.,* 919 P.2d 857 (Colo.App. 1995) *aff'd,* 933 P.2d 1330 (Colo.1997). We view the justifications stated previously as rational and legitimate state interests. *See Christie v. Coors Transportation Co., supra* (court must accept any set of conceivable facts which would support a legitimate interest). Hence, there is no due process or equal protection violation here.

### E.

CCIA informed this court at oral argument that the order in question is the only matter which remains in dispute. Thus, we apply the rule permitting review and, consequently, turn to the merits of CCIA's contentions.

### II.

CCIA argues that the ALJ erred in denying its claim for fees under § 8–43–211(2)(d) because the question of whether a bad faith appeal had been filed and whether a penalty should be imposed is not ripe for determination until the appeal is ultimately resolved. We agree.

Section 8–43–211(2)(d) provides as follows:

If any person requests a hearing or files a notice to set a hearing on issues which are not ripe for adjudication at the time such request or filing is made, such person shall be assessed the reasonable attorney fees and costs of the opposing party in preparing for such hearing or setting.

The Panel determined that it was conceivable that the claimant could produce evidence that the appeal was not made for the purpose of advancing a legitimate argument, but for some improper reason such as to delay treatment. It also noted that § 8–43–301(12), C.R.S.1997 permits the holding of a hearing and the entry of orders on any other issue in a case during the pendency of a petition to review. It concluded, therefore, that the pendency of the appeal did not establish that the penalty issue was not ripe for purposes of § 8–43–211(2)(d).

However, while claimant argues that CCIA brought its appeal only for the purpose of delaying the payment of medical benefits, bad faith on the part of an insurer is established by unreasonable conduct and the knowledge that such conduct is unreasonable. Consequently, an insurer's resort to a judicial forum is not bad faith as long as there is a reasonable basis for the insurer's legal challenge to the payment of the claim. *Brandon v. Sterling Colorado Beef Co.,* 827 .P.2d 559 (Colo.App.1991). *Cf. James H. Moore & Associates Realty, Inc. v. Arrowhead at Vail,* 892 P.2d 367 (Colo.App.1994) (regardless of motive, proper use of a legal proceeding cannot constitute abuse of process).

Applying that rule to the circumstances here, we consider it illogical to impose sanctions upon an insurer for bringing a bad faith appeal if that insurer ultimately prevails in the appeal. Hence, a request for penalties predicated on a claim that an appeal has been taken in bad faith must await the adjudication of that appeal before it becomes ripe for determination.

The fact that a hearing on collateral matters may occur under § 8–43–301(2) while a proceeding for review is pending does not require a contrary holding. As CCIA notes, such matters also must be independently ripe for determination or the party bringing them will be subject to sanctions under § 8–43–211(2)(d).

Thus, in light of CCIA's successful appeal, we remand this matter for a determination of the attorney fees and costs to be awarded CCIA as a penalty under § 8–43–211(2)(d).

The order is set aside and the cause is remanded for further proceedings in accordance with this opinion.

PLANK and BRIGGS, JJ., concur.