## No. 12,145.

INDUSTRIAL COMMISSION *v.* CONTINENTAL INVESTMENT Co.

Decided April 15, 1929.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. ROBERT E. WINBOURN, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, Mr. ARTHUR L. OLSON, Assistant, for plaintiff in error.

Mr. JOHN T. BOTTOM, Mr. ALLEN MOORE, Mr. PAUL F. IREY, for defendant in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE Industrial Commission sued The Continental Investment Company to recover the penalty prescribed in

sections 4491 and 4492, C. L. To review the judgment in favor of the company, the commission brings the case here on writ of error.

Section 4491 is as follows: "If any employer or insurer, or any officer or agent of either, or any employe, or any other person shall violate any provision of this act, or shall do any act prohibited thereby, or shall fail or refuse to perform any duty lawfully enjoined, within the time prescribed by the commission, for which no penalty has been specifically provided, or shall fail, neglect, or refuse to obey any lawful order made by the commission, or any judgment or decree made by any court as provided by this act, for each such violation, failure or refusal, such employer or insurer, or any officer or agent of either, or any employe or any other person shall be punished by a penalty of not more than one hundred dollars for each such offense."

Section 4492 provides: "Every day during which any employer or insurer or officer or agent of either or any employe, or any other person shall fail to comply with any lawful order of the commission or shall fail to perform any duty imposed by this act, shall constitute a separate and distinct violation thereof; * * * ."

On August 27, 1926, the commission entered a final award in favor of John A. Garcher for injuries received by him while in the employ of the company. The company brought suit in the district court to set aside the award. That court affirmed the award. On writ of error sued out by the company, this court affirmed the judgment of the district court, a rehearing being denied February 20, 1928. *Continental Investment Co. v. Garcher,* 83 Colo. 239, 264 Pac. 723. By reason of some uncertainty in the award, there was a question as to the exact amount to be paid. A conference was had with the commission's referee, and on March 7, 1928, the company paid the amount determined by the referee to be due.

The commission contends that the company should be adjudged to pay a penalty in an amount not to exceed

$100 for each and every day since August 27, 1926, the date of the award. The maximum penalty computed to March 7, 1928, the date of payment, would amount to about $55,500.

The Workman's Compensation Act provides that one who is dissatisfied with an award may bring an action in a district court to review the award and to modify or vacate the same. S. L. 1923, pp. 746 and 747. If sections 4491 and 4492, C. L., were construed to impose a penalty up to $100 a day during the time that an employer, acting under statutory permission, is seeking in good faith to have a judicial review of the award of an Industrial Commission, there is a serious question whether those sections could be upheld as constitutional. The maximum penalty that he may have to pay if unsuccessful in a suit is so great as to intimidate the average employer into submitting to an award, though he may believe it to be, and even though it may be, unwarranted. *State v. Watland,* 51 N. D. 710, 201 N. W. 680; *Ex parte Young,* 209 U. S. 123, 28 Sup. Ct. 441; *Oklahoma Operating Co. v. Love,* 252 U. S. 331, 40 Sup. Ct. 338.

In the absence of a clear indication that the Legislature intended to impose the penalty during the pendency of judicial proceedings to review an award, we should not construe the sections to impose the penalty during that time, thereby bringing the sections into possible conflict with the Constitution. In judicial proceedings there may be delays for which a litigant is in no manner responsible. Thus, in the compensation case involved here, there was considerable delay in bringing the case to trial in the district court. The record does not indicate that the company caused the delay. The company did not ask for a continuance or other delay. The delay may have been the result of a congested docket. So, when the case reached this court, where, as in the district court, the statute requires a prompt disposition of compensation cases, the Industrial Commission and the claimant did not file their brief until about eight months after the com-

pany's brief was filed; and there also was delay in deciding the case, for which delay the company was in no manner responsible. The record shows that every step taken by the company was taken promptly. The penalty, if recovered, would go, not to the claimant, but into a special fund applicable to the expenses of the very commission that was responsible, in part, for the delay in this court. C. L. § 4493. Surely the Legislature could not have intended to heavily penalize an employer for seeking in good faith a judicial review of the award of a commission composed, it may be, of laymen, in which proceeding a grave constitutional question may have been presented for decision, as it was when Garcher's compensation case was first brought to this court. *Industrial Commission v. Continental Investment Co.*, 78 Colo. 399, 242 Pac. 49.

What the rule would be if an employer, without any reasonable ground for questioning an award, in bad faith and for the purpose of delay and to harass the claimant should institute a judicial proceeding to review the award, and in that proceeding should resort to questionable tactics to delay the progress of the case; in other words, where the judicial proceeding is a palpable subterfuge, instituted for the purpose of postponing the time of payment—we need not now determine, as no such case is presented by this record. What we hold is that the penalty should not be imposed during the pendency of a judicial proceeding brought and prosecuted in good faith for the purpose of obtaining a vacation or modification of the award of the Industrial Commission.

As to the delay of a few days after the final decision of the compensation case by this court. It seems that the delay was caused by some uncertainty in the award, which necessitated a conference with the commission's referee, and that payment was made promptly when the referee determined the exact amount due. In such circumstances, no penalty should be imposed for that delay.

We again direct attention to rule No. 42 of this court. The judgment is right. It should be, and it is, affirmed.

Mr. Justice Adams, sitting for Mr. Chief Justice Whitford, Mr. Justice Moore, and Mr. Justice Alter, sitting for Mr. Justice Burke, concur.