**Jorge ORTIZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO, MV Enterprises and the Insurance Company of North America, Respondents.**

**No. 86CA0618.**

Colorado Court of Appeals,
Div. III.

Nov. 13, 1986.

Steven U. Mullens, P.C., Steven U. Mullens, James A. May, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

Glasman, Jaynes, Carpenter & McBride, Susan D. Steninger Knisley, Denver, for respondents MV Enterprises and The Insurance Company of North America.

METZGER, Judge.

Jorge Ortiz (claimant) seeks review of a final order of the Industrial Commission which suspended his temporary total disability benefits and determined he was not eligible for vocational rehabilitation benefits. We affirm.

Claimant injured his back in the course of his employment as a concrete finisher and received temporary total disability benefits. Later, claimant's treating physician released him to return to work without restrictions. Claimant disagreed with the physician's assessment of his condition, contending that he was not able to return to work because he continued to suffer back pain. Thereafter, claimant consulted other physicians for additional opinions. However, based on the treating physician's opinion, respondents MV Enterprises and the Insurance Company of North America moved to suspend claimant's temporary total disability benefits.

The hearing officer granted respondents' motion to suspend claimant's benefits. He determined that the treating physician's opinion was credible and that there was a lack of objective medical evidence to support the other physicians' findings. The hearing officer also found that claimant was ineligible for vocational rehabilitation because he is not a "qualified worker." He reasoned that, because claimant is an illegal alien without work papers, he cannot legally be employed in the United States and could, therefore, not meet the requirement that a worker "reasonably be expect-

ed to obtain suitable gainful employment." *See* Industrial Commission Rules Part V, 7 Code Colo.Reg. 1101–3. The Commission adopted and affirmed the hearing officer's decision, and this petition for review followed.

### I.

We first address respondents' contention that neither the Industrial Commission nor this court has jurisdiction to consider the issues raised. Respondents assert that, because claimant failed to file a brief in support of his petition for review by the hearing officer within the twenty day time limit set forth in § 8–53–111(3), C.R.S. (1986 Repl.Vol. 3B), jurisdiction has been lost. We disagree.

In *Saxton v. Industrial Commission,* 41 Colo.App. 309, 584 P.2d 638 (1978), we determined that the failure to file a brief in support of a petition for review of a hearing officer's order is not a jurisdictional defect. Nevertheless, respondents assert that, because § 8–53–111(3), C.R.S. (1986 Repl.Vol. 3B), which discusses time requirements for the filing of briefs, was enacted after *Saxton,* that decision is no longer applicable. We disagree.

■ We hold that, under the present statutory scheme, the failure to file a brief or the untimely filing of a brief under § 8–53–111(3) is not a jurisdictional defect. We are persuaded by the language in § 8–53–111(1), C.R.S. (1986 Repl.Vol. 3B), which states, in part, that if no *petition for review* is filed within the specified time limit, the order of the hearing officer shall be final. There is no similar language with respect to the timely filing of a brief. *See also Industrial Commission v. Plains Utility Co.,* 127 Colo. 506, 259 P.2d 282 (1953).

We also find support for our determination in § 8–53–111(3) and § 8–53–111(6), C.R.S. (1986 Repl.Vol. 3B). The former provides, in pertinent part, that, upon the filing of a petition for review, after the briefs are filed *or the time for filing has run,* the director or hearing officer shall have 30 days to enter a supplemental order or transmit the file to the Industrial Com-

mission for its decision. Similarly, § 8–53–111(6), provides that, when a petition for review by the Industrial Commission is filed, "the division shall, when all briefs are submitted to it, *or within fifteen days of the date briefs were due,* certify and transmit the record to the Commission along with the petitions and briefs." (emphasis added) This language appears to anticipate the possibility that briefs may not be filed, yet still directs that the record be certified and transmitted to the Industrial Commission. Such action would be unnecessary if the Industrial Commission had no jurisdiction. Therefore, absent a specific statutory provision or rule divesting the Industrial Commission of jurisdiction, we decline to attempt to legislate the same here.

### II.

Claimant contends that the order suspending his benefits is not supported by substantial evidence. He asserts that, although the evidence concerning the cause of his pain was conflicting, it was uncontradicted that his pain was disabling. Therefore, claimant reasons, the Commission erred in suspending his benefits. We reject this contention.

■ The record contains a significant degree of conflicting evidence concerning the disabling nature of plaintiff's pain. Where, as here, the Commission's decision is supported by substantial evidence, we are bound by it. *Gelco Courier v. Industrial Commission,* 702 P.2d 295 (Colo.App.1985).

### III.

Claimant also contends that the Commission erred in denying him vocational rehabilitation based on the conclusion that he could not reasonably be expected to attain suitable gainful employment. Claimant urges us to determine that his status as an alien without a work permit cannot in and of itself prevent him from receiving vocational rehabilitation benefits.

We agree with the Commission's contention that this issue need not be decided. A

worker is qualified for vocational rehabilitation when:

"because of the effects of a work related injury ... [he], (1) is permanently precluded from engaging in his ... usual and customary occupation and is unable to perform work for which [he] has previous training and experience, *and* (2) can reasonably be expected to attain suitable, gainful employment upon successful completion of a vocational rehabilitation program." Industrial Commission Rules, Part V, 7 Code Colo.Reg. 1101–3 (emphasis added).

■ The Commission found that claimant's injury did not preclude him from engaging in his usual and customary occupation, and that conclusion is amply supported by the record. Therefore, because of the conjunctive requirements of the statute, claimant is not eligible for vocational rehabilitation irrespective of his status.

The order is affirmed.

VAN CISE and BABCOCK, JJ., concur.