**COLORADO COMPENSATION INSURANCE AUTHORITY,**
**Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Sue R. Sallee, Respondents.**

No. 94CA1105.

Colorado Court of Appeals,
Div. III.

April 27, 1995.

Rehearing Denied June 1, 1995.

Certiorari Denied Dec. 4, 1995.

Douglas A. Thomas, Denver, for petitioner.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeannette Walker Kornreich, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, and Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, for respondent Sue R. Sallee.

Opinion by Judge HUME.

The Colorado Compensation Insurance Authority (CCIA) petitions for review of a final order of the Industrial Claim Appeals Panel assessing penalties for failure to comply with an order issued by an Administrative Law Judge (ALJ) to provide Sue R. Sallee (claimant) with a hot tub. We affirm.

On February 12, 1993, the CCIA was ordered by an ALJ to provide claimant with a hot tub consistent with the requirements of claimant's authorized treating physician. The CCIA did not provide the hot tub until May 25, 1993, more than three months later. Delays first occurred when the CCIA failed to obtain information concerning spa designs in a timely manner and again because of the CCIA's inaction following notice from the treating physician that the hot tub selected by the CCIA was unsuitable.

A second ALJ found that the delay in complying with the first ALJ's order "was not justified, should not be excused and reflects indifference towards [c]laimant's rights that should result in sanctions being imposed against the [CCIA] as punishment for [its] conduct in this matter and to remediate the approach taken by the [CCIA] in dealing with work-injured [c]laimants." Accordingly, penalties were assessed under former § 8-53-116, C.R.S. (1986 Repl Vol. 3B) (now codified with changes at § 8-43-304(1), C.R.S. (1994 Cum.Supp.)). The Panel affirmed.

## I.

The CCIA contends that an ALJ is powerless to penalize a party for failure to obey an order issued by an ALJ. However, of the two reasons presented in support of this contention, one is not properly before us and the other is not persuasive.

## A.

█ First, the CCIA contends that constitutional and statutory impediments prohibit an ALJ from exercising contempt powers. We decline to consider this argument because it was not presented in the petition for review by the Panel. *See Winters v. Industrial Commission,* 736 P.2d 1256 (Colo.App. 1986) (court will not consider the issue of an ALJ's lack of authority when the issue is raised for the first time on appeal to this court).

While constitutional challenges to the facial validity of statutes need not be raised in administrative proceedings in order to be asserted on appeal, we do not perceive that CCIA has raised a challenge to the facial validity of any statute. The CCIA's argument that it is asserting a facial challenge to the penalty statute presupposes that the statute authorizes a proceeding in contempt. We reject that presupposition and, thus, hold that the issue concerning the propriety of the ALJ's exercise of authority under the statute should have been raised in the administrative proceedings to be properly preserved for appeal. *See Horrell v. Department of Administration,* 861 P.2d 1194 (Colo.1993).

### B.

Secondly, the CCIA contends that § 8–43–304(1), C.R.S. (1994 Cum.Supp.) prohibits an ALJ from imposing penalties because only a "court of competent jurisdiction," not an ALJ, may impose a penalty. In our view, the CCIA has not only analyzed an inapplicable version of the penalty statute, but it has misread that version as well.

In workers' compensation cases, the substantive rights and liabilities of the parties are determined by the statute in effect at the time of the claimant's injury, while procedural changes in the statute become effective during the pendency of the case. *Kinninger v. Industrial Claim Appeals Office,* 759 P.2d 766 (Colo.App.1988).

Here, the imposition of a penalty is a substantive right and liability. *See United States Fidelity & Guaranty, Inc. v. Kourlis,* 868 P.2d 1158 (Colo.App.1994). Since the date of claimant's injury is November 1989, the law in effect in 1989 applies. In 1989, the version set forth in § 8–53–116, C.R.S. (1986 Repl.Vol. 3B) was still applicable.

Although the ALJ did not specifically refer to the version being applied, the content of the ALJ's order convinces us that the correct version of the penalty statute was applied. We note that the $100 per day penalty was payable to the Subsequent Injury Fund (SIF), as contemplated by the law in effect in 1989. *See* § 8–53–118(2), C.R.S. (1986 Repl. Vol. 3B) (penalty payable to SIF). If the current version were applied, the SIF would have received only 25% of the penalty. *See* § 8–43–304(1), C.R.S. (1994 Cum.Supp.).

Section 8–53–116 does not contain the "court of competent jurisdiction" language relied upon by the CCIA. That language was not added until 1991. Colo.Sess.Laws 1991, ch. 218, § 8–43–304(1) at 1323. Thus, the CCIA's argument must fail.

Furthermore, even if the current version of § 8–43–304(1) were to be applied here, the CCIA's argument would still fail. Section 8–43–304(1) provides, *inter alia,* that any insurer who "fails, neglects, or refuses to obey any lawful order made by the director or panel ... shall be subject to *such order* being reduced to judgment by a court of competent jurisdiction *and shall also be punished by a fine....*" (emphasis added) The order that is subject to being reduced to judgment by a court of competent jurisdiction is not the order imposing the penalty; it is the underlying lawful order that was not obeyed. Thus, we reject the CCIA's contention that the order imposing the penalty must be reduced to judgment by a court of competent jurisdiction.

### II.

The CCIA's final contention is that it did not fail, refuse, or neglect to obey the ALJ's order since it did in fact provide claimant with a hot tub as ordered. It argues that the penalty was imposed for failure to perform duties that were beyond the scope of the order, such as compelling the treating physician to issue specifications for the hot tub, sending the physician hot tub brochures, and consulting with claimant as to her needs. It argues that even if substantial evidence supports these findings, the findings do not support the conclusion that the CCIA neglected to obey the order, because any neglect must be determined under a bad faith standard. We perceive no error.

Negligence, as opposed to recklessness and other standards of conduct, connotes an objective standard measured by the reasonableness of the insurer's action and does not require knowledge that the conduct was unreasonable. *See Travelers Insurance*

*Co. v. Savio,* 706 P.2d 1258 (Colo.1985) (claim for bad faith does require knowledge or reckless disregard). Therefore, in the context of § 8–53–116, penalties may be assessed against an insurer that neglects to take the action a reasonable insurer would take to comply with a lawful order.

The ALJ's reference to the acts which the CCIA did not take, such as failing to contact claimant, failing to urge the physician to issue specifications, and failing to send the physician brochures, reflects the ALJ's implicit determination that a reasonable insurer would have taken such action. Thus, the penalty was properly imposed for the CCIA's failure to perform those acts. Because substantial evidence supports the findings, we may not disturb the order. *See* § 8–43–308, C.R.S. (1994 Cum.Supp.).

The order of the Panel is affirmed.

TAUBMAN and PIERCE *, JJ., concur.