**DIVERSIFIED VETERANS CORPORATE CENTER and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Vance L. HEWUSE and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 96CA0583.

Colorado Court of Appeals, Div. II.

Jan. 9, 1997.

Rehearing Denied Feb. 6, 1997.

Certiorari Denied Sept. 15, 1997.

Kurt Kriksciun, Denver, for Petitioners.

Norton Frickey & Associates, Michael S. Kocel, Colorado Springs, for Respondent Hewuse.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge KAPELKE.

In this workers' compensation proceeding, petitioners, Diversified Veterans Corporate Center and the Colorado Compensation Insurance Authority (CCIA), seek review of a final order of the Industrial Claim Appeals Panel (Panel) imposing a penalty on CCIA for failing timely to provide a medical report to Vance L. Hewuse (claimant). We affirm.

Claimant sustained an admitted industrial injury, and the authorized treating physician issued a report stating that claimant had reached maximum medical improvement (MMI) and suffered no permanent impairment. After claimant contacted CCIA to express his belief that he needed more treatment, CCIA wrote the treating physician to inquire whether the finding of MMI was premature.

In a letter to CCIA dated June 16, 1993, the treating physician admitted that MMI was possibly premature. Although it received the letter on June 21, 1993, CCIA did not mail claimant's attorney a copy until September 14, 1993, when it attached the letter to the general admission of liability of that date.

The Administrative Law Judge (ALJ) imposed a $50 per day penalty against CCIA for its failure to provide the letter to claimant. However, because the ALJ appeared to have applied a strict liability standard in making her bench ruling, the Panel remanded the case to the ALJ for specific findings reflecting application of the correct legal standard to the facts.

On remand, the ALJ found that CCIA had failed to provide the physician's letter to claimant within 15 days of receipt, as required by Department of Labor and Employment Rule XI(B)(2), 7 Code Colo. Reg. 1101–3, and that the failure to provide the letter "was not based on a rational argument in law or evidence." Additionally, the ALJ concluded that CCIA's negligence in failing to take the action a reasonable carrier would take should result in the imposition of penalties as set forth in her first order. The Panel affirmed.

I.

CCIA contends that the negligence standard used by the ALJ in the order on remand was erroneous and that, in any event, CCIA did not act unreasonably. We disagree.

Penalties may be imposed under § 8–43–304(1), C.R.S. (1996 Cum.Supp.) based on an objective standard of negligence. Negligence is determined by the reasonableness of the insurer's actions and does not require the insurer's knowledge that its conduct was unreasonable. *Colorado Compensation Insurance Authority v. Industrial Claim Appeals Office*, 907 P.2d 676 (Colo. App.1995). The reasonableness of an insurer's actions depends upon whether the actions were predicated on a rational argument based on law or fact. *See Tozer v. Scott Wetzel Services, Inc.*, 883 P.2d 496 (Colo.App. 1994).

Here, the ALJ applied the correct legal standard in her second order in ruling that CCIA's actions were not based upon a rational argument and that penalties could appropriately be imposed in light of CCIA's negligence. This ruling was supported by the ALJ's finding that the treating physician's letter was a "medical report" within the meaning of Rule XI(B)(2) and that CCIA therefore was required to send it to claimant's attorney within 15 days of its receipt.

Whether the delay in sending the letter was occasioned solely by the adjustor's mistaken belief that the letter was not a report, or, in part, by poor handling procedures within CCIA, the record supports the ALJ's conclusion that CCIA's actions were not predicated on a rational argument in law or fact. Hence, we find no basis to set aside the order. *See May D & F v. Industrial Claim Appeals Office,* 752 P.2d 589 (Colo.App.1988).

## II.

■ CCIA next contends that the cure provision in § 8–43–304(4), C.R.S. (1996 Cum.Supp.) should have been applied here to preclude the imposition of penalties. In so arguing, CCIA urges that the cure provision applies to these proceedings because it is procedural rather than substantive. We disagree.

Under § 8–43–304(4), after the date of mailing of an application for hearing on penalties, the alleged violator is accorded 20 days to cure the violation. If the violation is cured within that period, and the party seeking the penalty fails to prove that the alleged violator knew or reasonably should have known of the violation, no penalty is to be assessed.

The effective date of § 8–43–304(4) is June 1, 1994. Colo. Sess. Laws 1994, ch. 309 at 1881; *see* Colo. Const. art. V, § 19 (if no effective date is stated in an act, it takes effect on its passage); *United Bank v. Wright,* 660 P.2d 510 (Colo.App.1983).

The imposition of penalties involves substantive rights and liabilities and is therefore governed by the law in effect on the date of the claimant's injury. *Colorado Compensation Insurance Authority v. Industrial Claim Appeals Office, supra.*

We agree with the Panel that § 8–43–304(4) modifies the preexisting liability for penalties by establishing a right to cure the violation and, thus, adds an element of proof not previously required. Hence, the provision is substantive. Therefore, since claimant's injury here occurred before June 1, 1994, the cure provision in § 8–43–304(4) is inapplicable.

## III.

■ CCIA's final contention is that the penalty provision in § 8–43–304(1) violated its right to due process under the Fourteenth Amendment and that the imposition of penalties violated the Eighth Amendment's prohibition against excessive fines. We disagree.

In *Pueblo School District No. 70 v. Toth,* 924 P.2d 1094 (Colo.App.1996), a division of this court held that, because it is not a "person" for purposes of the Fourteenth Amendment, CCIA lacked standing to assert a procedural due process or constitutional excess fines claim. We agree with the holding and analysis in that case and, therefore, find it dispositive of CCIA's due process and excessive fine contentions here.

The order of the Panel is affirmed.

CRISWELL and PLANK, JJ., concur.