**CITY AND COUNTY OF DENVER,**
Petitioner,

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the STATE of Colorado and Michelle Felix, Respondents.**

No. 02CA0322.

Colorado Court of Appeals,
Div. IV.

Sept. 26, 2002.

J. Wallace Wortham, Jr., City Attorney, Olivia L. Hudson Smith, Assistant City Attorney, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Michelle Felix, Pro Se.

Opinion by Judge DAILEY.

The main issue in this workers' compensation case is whether an employer is entitled to recoup lump sum disability benefits already paid to a claimant where the claim is reopened for a worsened condition, the claimant obtains additional treatment resulting in a lower impairment rating, and she requests a division-sponsored independent medical examination (DIME) resulting in a zero percent impairment rating. Under the circumstances of this case, we conclude that the employer is not entitled to repayment and therefore affirm the order of the Industrial Claim Appeals Office (Panel) denying that request of the City and County of Denver (employer). We also affirm the Panel's order awarding Michelle Felix (claimant) ongoing medical benefits after maximum medical improvement (MMI).

Claimant injured her back in a compensable automobile accident in 1998. The treating physician placed her at MMI in 1999 with a medical impairment rating of twenty-six percent of the whole person. In accordance with this rating, employer filed a final admission of liability for permanent medical impairment benefits, claimant received the award in a discounted lump sum, and the claim was closed.

After the treating physician prescribed additional treatment, claimant filed a petition to reopen based on a worsened condition. The Administrative Law Judge (ALJ) granted the reopening and awarded additional temporary total disability and medical benefits.

Claimant received additional treatment, and in 2000, a treating physician again placed her at MMI, this time with only a nine percent whole person impairment rating. Relying on this reduced rating, employer filed a final admission of liability claiming an "overpayment" of $23,412, based on the difference between the twenty six and nine percent whole person impairment ratings.

Claimant challenged the decreased impairment rating by requesting a DIME on that

issue. The DIME physician rated claimant's impairment at zero percent based on his opinion that the "impact in a motor vehicle accident of this nature is not severe enough to cause injury to any occupants of the motor vehicle." In support, the DIME physician cited "several other cases that [he] ha[d] had in which engineering reports have indicated that it is impossible to injure the cervical or lumbar spine[ ] or extremities in such a minimal impact collision." Based on this report, employer filed another final admission of liability increasing the claim for overpayment to $43,312.

Claimant applied for a hearing to challenge employer's assertion of an overpayment based on the DIME rating. She also requested both ongoing medical treatment after MMI and increased disability benefits, but at the hearing abandoned the request for increased disability benefits.

The ALJ found no persuasive evidence that the minimal treatment and evaluations provided after reopening resulted in any improvement in claimant's degree of permanent impairment. Further, the ALJ found that the physicians giving the nine and zero percent ratings simply expressed a difference of opinion with the original treating physician concerning claimant's degree of impairment.

Concluding that claimant "did not improve to a lesser degree of permanent impairment after her case was reopened," the ALJ rejected employer's contention that it is entitled to recover an overpayment. The ALJ also found, based on the opinion of the physician who rendered the nine percent rating, that claimant is entitled to ongoing medical benefits after MMI. The Panel affirmed.

## I.

■ Employer contends that the ALJ erroneously required it to prove that claimant's condition improved. Employer argues that to prove that there was no overpayment, claimant should bear the burden of overcoming, by clear and convincing evidence, the DIME physician's opinion of no impairment.

Employer asserts that claimant failed to overcome the DIME opinion under this standard, therefore she is bound by the zero percent impairment rating, and employer is automatically entitled to recoup the "overpaid" lump sum benefits. We disagree.

■ After a case is reopened based on a change in condition, the causation issue is limited to whether there is a change in the claimant's physical or mental condition that can be causally connected to the original compensable injury. *See Cordova v. Indus. Claim Appeals Office*, 55 P.3d 186 (Colo.App. 2002). The original finding of causation has already been conclusively litigated and therefore cannot be challenged in reopening or post-reopening proceedings. *See 8 Larson's Workers' Compensation Law* § 131.03(2)(a) (2001) (reopening based on a change in condition does not permit relitigation of every potential issue because the question is restricted to the "extent of improvement or worsening of the injury on which the original award was based"; "neither party can raise original issues such as work-connection, employee or employer status, occurrence of a compensable accident, and degree of disability at the time of the first award"); *cf. Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44, 45 (Colo.2001) (causation established at temporary disability stage could be relitigated at permanent disability stage, because employer did not have same incentive to fully litigate causation at first stage).

Thus, the change must be measured from claimant's condition when the claim was closed, as established in the original proceeding, and to her condition after reopening.

Here, the DIME physician addressed only the original causation issue. However, that issue had already been resolved differently, and the earlier resolution was no longer open to question. Because the DIME physician's zero percent impairment rating was legally unfounded, it was inadmissible as proof of employer's entitlement to an overpayment.

■ The ALJ correctly recognized that employer had the burden of proving its enti-

tlement to an overpayment in the first instance. *See Cowin & Co. v. Medina,* 860 P.2d 535, 538 (Colo.App.1992)(burden of proof rests upon the party asserting the affirmative of a proposition; therefore, consideration should be given to which party would prevail in the absence of any evidence upon the subject). Employer affirmatively relied upon the DIME physician's zero percent rating to claim such entitlement. However, because the DIME physician's opinion was insufficient and inadmissible to prove that claimant's condition improved after the reopening, the ALJ did not err in finding that employer failed to meet its initial burden of proof.

Accordingly, the burden never shifted to claimant to overcome employer's evidence. *See Johnson v. Indus. Comm'n,* 761 P.2d 1140, 1146 (Colo.1988)(burden shifted to claimant only when prima facie case of overpayment was established).

Nor are we convinced that employer is entitled to reimbursement for an overpayment based on the nine percent rating issued by the treating physician. The ALJ specifically found that there was no improvement of claimant's condition after the reopening and that the nine percent rating simply indicated a difference of opinion between physicians. This finding is within the ALJ's province, and inasmuch as it is supported by the evidence, we will not disturb it. *See Kroupa v. Indus. Claim Appeals Office,* 53 P.3d 1192 (Colo.App.2002)(the ALJ resolves conflicts in the evidence, makes credibility determinations, determines the weight to be accorded to expert testimony, and draws plausible inferences from the evidence).

## II.

Employer next contends that claimant is not entitled to medical benefits after MMI because she testified that she does not need them now and only wants the option of receiving treatment in the future. Employer asserts that this speculative evidence is insufficient to establish that the benefits are reasonably necessary. We decline to address this issue.

Employer did not raise this specific argument before the Panel. In its brief to the Panel, employer argued that claimant was not entitled to medical benefits after MMI because, as stated by the DIME physician, claimant did not sustain any injury from the automobile accident. Employer's current argument, that the need for benefits was speculative, was not encompassed in the causation argument raised before the Panel. Thus, this issue may not be raised now on appeal. *See City of Durango v. Dunagan,* 939 P.2d 496, 500 (Colo.App.1997).

The order is affirmed.

Judge DAVIDSON and Judge VOGT concur.