Maxie JIMINEZ, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Pinnacol Assurance, and Amax Henderson Project, Respondents.

No. 02CA2283.

Colorado Court of Appeals, Div. II.

Sept. 11, 2003.

---

Roger Fraley, Jr., Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Ruegsegger Thomas, LLC, Douglas A. Thomas, Merrily S. Archer, Denver, Colorado, for Respondents Pinnacol Assurance and Amax Henderson Project.

Opinion by Judge CASEBOLT.

Maxie Jiminez (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) denying his claim for penalties against employer, Amax Henderson Project, and its insurer, Pinnacol Assurance (collectively Pinnacol). We affirm.

In an underlying order in 2000, an administrative law judge (ALJ) found Pinnacol liable to claimant for additional temporary total disability (TTD) benefits beyond what it had previously paid. The ALJ also imposed penalties for late payment of TTD benefits.

Pinnacol filed a timely petition to review the order, alleging that the ALJ had erred "in awarding penalties for alleged late payment of TTD and in awarding additional TTD in the amount of $1,019.81." Pinnacol's brief in support of the petition included an argument that the ALJ had erred in assessing the penalties, but it did not contain any argument regarding the award of additional TTD benefits.

In an order entered in October 2001, the Panel affirmed the ALJ's order without specifically addressing the award of additional TTD benefits. Pinnacol did not pay the TTD benefits until November 2001.

In the meantime, claimant had filed an application for hearing seeking penalties for Pinnacol's asserted violation of the ALJ's 2000 order and a procedural rule. He alleged that Pinnacol filed a bad faith appeal on the issue of additional TTD benefits by failing to include an argument as to that issue in its brief in support of the petition to review.

The ALJ found that claimant failed to prove Pinnacol violated the 2000 order. Further, the ALJ found no violation of any statute or rule because the filing of briefs with

the Panel is optional. Thus, the ALJ concluded that no penalty could be assessed where a party chooses not to file a brief in support of an issue designated in a petition to review. The ALJ also concluded that Pinnacol had not committed bad faith in pursuing the appeal. The Panel affirmed.

Claimant contends the Panel erred in affirming the ALJ's determination that Pinnacol brought the appeal in good faith even though it failed to argue in its brief an issue supposedly on appeal. He asserts that, as a matter of law, Pinnacol's appeal was not brought in good faith because its brief did not mention the benefits issue. He also argues that Pinnacol violated Dep't of Labor & Employment Rule VII(D)(2), 7 Code Colo. Regs. 1101–3, by failing to argue the benefits issue in its brief. Thus, he argues he is entitled to penalties. We disagree.

█ Section 8–43–304(1), C.R.S.2002, authorizes the imposition of penalties if a party fails, refuses, or neglects to obey a lawful order. This statute encompasses an order issued by an ALJ. *Giddings v. Indus. Claim Appeals Office*, 39 P.3d 1211 (Colo. App.2001). Likewise, the term "order" as used in this penalty provision includes a rule. *Spracklin v. Indus. Claim Appeals Office*, 66 P.3d 176 (Colo.App.2002).

We assume, arguendo, that a party may fail, refuse, or neglect to obey an ALJ's order by failing to make payment in accordance with the order while litigating an appeal to the Panel without any good faith basis for doing so. *See* § 8–43–301(14), C.R.S.2002 (authorizing attorney fees and costs against party litigating appeal that is not well grounded in fact and law or is not a good faith argument for extension, modification, or reversal of existing law); *Indus. Comm'n v. Cont'l Inv. Co.*, 85 Colo. 475, 277 P. 303 (1929).

█ For purposes of § 8–43–304(1), an insurer neglects to obey an order if it fails to take the action a reasonable insurer would take to comply with the order. Thus, the insurer's conduct is measured by an objective standard of reasonableness and actual knowledge that the conduct was in bad faith is not required. *Pueblo Sch. Dist. No. 70 v. Toth*, 924 P.2d 1094 (Colo.App.1996); *Colo. Comp. Ins. Auth. v. Indus. Claim Appeals Office*, 907 P.2d 676 (Colo.App.1995). The reasonableness of an insurer's action depends on whether it was predicated on a rational argument based in law or fact. *See Diversified Veterans Corporate Ctr. v. Hewuse*, 942 P.2d 1312 (Colo.App.1997). *But see City Mkt., Inc. v. Indus. Claim Appeals Office*, 68 P.3d 601 (Colo.App.2003)(ALJ was not required to apply a rational argument standard in awarding penalties).

█ Generally, determination of the reasonableness of the insurer's conduct is a question of fact for the ALJ. *See Pueblo Sch. Dist. No. 70 v. Toth, supra.*

█ Resort to an appellate forum is not taken in bad faith when there is a reasonable basis for the legal challenge to payment of the claim. *BCW Enters., Ltd. v. Indus. Claim Appeals Office*, 964 P.2d 533 (Colo. App.1997); *see Tozer v. Scott Wetzel Servs., Inc.*, 883 P.2d 496 (Colo.App.1994)(appeal is unreasonable or frivolous only if it has no rational basis in law or fact).

█ Here, the record does not compel the conclusion, as a matter of law, that because Pinnacol failed to brief the benefits issue, the appeal of that issue was taken in bad faith. No statute affirmatively requires that a brief be filed, and § 8–43–301(4), C.R.S.2002, provides that consideration of the appeal must continue "[a]fter the briefs are filed *or* the time for filing has run" (emphasis supplied). Furthermore, the failure to file a brief does not bar the Panel from ruling on a timely petition to review. *See Ortiz v. Indus. Comm'n*, 734 P.2d 642 (Colo.App.1986)(failure to file a brief or the untimely filing of a brief is not a jurisdictional defect); *Saxton v. Indus. Comm'n*, 41 Colo.App. 309, 584 P.2d 638 (1978).

We reject claimant's contention that there was a violation of Rule VII(D)(2). That rule provides that a brief "shall" contain a statement of the issues for review and arguments concerning the issues. However, another part of the rule envisions that an appeal may proceed even if a petitioner chooses not to file a brief. *See* Dep't of Labor & Employment Rule VII(D)(4), 7 Code Colo. Regs. 1101–3 ("*[i]f the petitioner has not filed a brief* ... the opposing parties shall have 40

days after the date of the certificate of mailing of the briefing schedule to file briefs in opposition to the petition to review" (emphasis added)).

▌ Taking these two provisions together, Rule VII(D)(2) requires that certain formalities concerning the content of the brief must be followed only *if* a brief is filed. Because filing a brief is optional under both the statute and the rule, it follows that filing a brief on some issues raised in a petition to review does not constitute a waiver or abandonment of other issues that were raised in the petition to review, but not briefed. While this result is contrary to the rule governing appeals to this court or the supreme court, *see People v. Eckley*, 775 P.2d 566 (Colo.1989), nothing requires appellate procedures before the Panel to be the same as those pertaining to state appellate courts.

Thus, the record supports the ALJ's finding that the failure to brief the benefits issue is not necessarily indicative of a bad faith appeal. *See* § 8–43–308, C.R.S.2002 (reviewing court must uphold ALJ's resolution if supported by substantial evidence in the record).

Further, the evidence did not compel the ALJ to infer that the appeal of the benefits issue was so lacking in substantive merit that Pinnacol's failure to brief the issue must be taken as proof that the appeal was unreasonable and in bad faith. The attorney who filed the brief testified that there was a substantive basis for the appeal because of the ALJ's alleged misinterpretation, in the 2000 order, of the documentary evidence pertaining to payment of benefits. The attorney also testified that he believed, based on prior experience, that the Panel might consider the issue and reverse the award despite the failure to brief the issue. The attorney further testified that he did not brief the benefits issue because Pinnacol was more concerned with the penalty issue and did not want to detract from the force of its argument on that matter by briefing the less persuasive benefits issue.

The ALJ expressly found that claimant failed to meet the burden of proof to establish a bad faith appeal. *See City & County of Denver v. Indus. Claim Appeals Office*, 58 P.3d 1162 (Colo.App.2002)(burden of proof rests upon the party asserting the affirma-

tive of a proposition). Inherent in that determination was the decision to credit the attorney's testimony in the absence of persuasive evidence to the contrary. *See Magnetic Eng'g, Inc. v. Indus. Claim Appeals Office*, 5 P.3d 385 (Colo.App.2000)(findings necessarily implied by the ALJ's order may be considered). Although the ALJ might have drawn a different inference from Pinnacol's conduct, we cannot say she was required to do so as a matter of law. Consequently, the order must be upheld.

The order is affirmed.

Judge NEY concurs.

Judge WEBB specially concurs.

Judge WEBB specially concurring.

Because of the great deference that we accord administrative fact finding in workers' compensation cases, I concur in the majority's conclusion that the order must be upheld. However, I write separately to express my concern over the level of scrutiny Pinnacol's conduct received.

Initially, I agree with the majority that a party violates an order by deferring payment based on an appeal without any good faith basis, that good faith must be measured by an objective standard of reasonableness, and that reasonableness requires a rational argument based in law or fact.

Moreover, I accept the majority's conclusion that, because filing a brief is optional, briefing some but not all issues raised in a petition to review neither violates an order nor shows bad faith of the petitioner. However, because the ALJ's decision addresses only whether filing a brief is optional or mandatory, I take less comfort than the majority from her conclusion that "Claimant failed to prove that Respondents' appeal was taken in bad faith."

In my view, a determination of objective reasonableness based on a rational factual or legal argument requires consideration of the argument that was made, in the petition to review and briefs, as well as the argument that could have been made, based on the record before the first ALJ.

Here, Pinnacol's petition contains no argument concerning the nature of the alleged error in awarding additional TTD benefits. Pinnacol's briefs do not address this issue. Hence, I am left to speculate whether the ALJ examined the record to determine whether a rational argument could have been made. The Panel's decision does not resolve this doubt.

The majority logically infers that the ALJ must have credited testimony of Pinnacol's attorney that the appeal of the TTD benefits award rests on a misreading of documentary evidence by the first ALJ. However, crediting an ad hoc explanation by a participant does not persuade me because the standard is one of objective reasonableness.

In sum, where a party is accused of bad faith because it presents no argument supporting an issue set forth in its petition, I believe objective reasonableness should be determined on the basis of rigorous examination of the record, *cf. Lockett v. Garrett*, 1 P.3d 206 (Colo.App.1999)(sanctions under C.A.R. 38(d) awarded because appellant's position lacked record support), and, where appropriate, expert testimony concerning conduct of a reasonable insurer. Unfortunately, here neither side presented such expert testimony, and the ALJ apparently was not asked to examine the record for this purpose.