**PIONEERS HOSPITAL OF RIO BLAN-CO COUNTY and Colorado Hospital Association Trust, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado and Mary G. Thomson, Respondents.**

No. 04CA0839.

Colorado Court of Appeals,
Div. II.

April 7, 2005.

Clifton, Hook & Bovarnick, P.C., Clyde E. Hook, Harvey D. Flewelling, Denver, Colorado, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Withers Seidman Rice & Mueller, P.C., David B. Mueller, Grand Junction, Colorado, for Respondent Mary G. Thomson.

RUSSEL, J.

Pioneers Hospital of Rio Blanco County and its insurer, Colorado Hospital Association Trust (collectively, the hospital), appeal from an order of the Industrial Claim Appeals Office (the panel) upholding the imposition of a penalty. We affirm.

In 2002, Mary G. Thomson suffered a left knee injury while working at the hospital. The hospital disputed compensability and arranged to have Thomson examined by a medical specialist. The hospital asked the specialist to opine whether Thomson's injury had been work related.

After the specialist examined Thomson, the hospital's attorney scheduled the specialist for an evidentiary deposition. The attorney arranged this deposition without permission from the administrative law judge (ALJ). The attorney notified Thomson about the deposition, and Thomson attended without a lawyer.

Before the hearing on compensability, Thomson retained counsel. Thomson's attorney asked the ALJ to penalize the hospital for failing to request permission before taking the specialist's deposition.

The ALJ imposed a $500 penalty. He ruled that, by unilaterally taking the specialist's deposition, the hospital had violated § 8–43–207(1)(e), C.R.S.2004, and Dep't of Labor & Employment Rule VIII(E)(2)(b), 7 Code Colo. Regs. 1101–3.

On review, the panel upheld the ALJ's legal ruling but remanded for findings on whether the hospital's actions had been objectively reasonable.

On remand, the ALJ found: "[The hospital] failed to establish that unilaterally scheduling the deposition of [the specialist] was reasonable. In this regard, [the hospital]

failed to show that this action was based on a rational argument anchored in fact or law." The ALJ concluded that Thomson had "established the factual and legal basis for a penalty," and thus reaffirmed the $500 penalty.

In its final order, the panel affirmed.

## I. Motion and Order Required

■ The hospital contends that it was not required to file a motion or obtain an order before taking the specialist's evidentiary deposition. We disagree.

■ Under § 8–43–304(1), C.R.S.2004, an ALJ may impose a fine of up to $500 per day on any employer who "fails, neglects, or refuses to obey any lawful order made by the director or panel." The failure to comply with a procedural rule is a failure to obey an "order" within the meaning of § 8–43–304(1). *Jiminez v. Indus. Claim Appeals Office*, 107 P.3d 965 (Colo.App.2003); *Spracklin v. Indus. Claim Appeals Office*, 66 P.3d 176, 177 (Colo.App.2002).

The pertinent procedural rule is Rule VIII(E)(2)(b), which states: "Depositions of [nonparty] witnesses may be taken upon written motion, order, and written notice to all parties." The hospital argues that this rule applies only to discovery depositions and not to evidentiary depositions. We disagree.

The hospital's position has little textual support. Although located in the section entitled "Discovery," Rule VIII(E)(2)(b) does not distinguish between discovery depositions and evidentiary depositions. Thus, an evidentiary deposition qualifies as a "deposition" under the plain language of the rule.

We see no compelling reason to depart from a plain language analysis. Indeed, in the context of a rule that governs how depositions are obtained, there are good reasons to treat discovery depositions and evidentiary depositions alike:

- The two are identical in form. They involve the same participants and are conducted in the same way.

- The two are only marginally different in function. Evidentiary depositions serve as

a type of discovery: they provide information that parties may use in preparing for the hearing. Conversely, discovery depositions may be admitted into evidence. *See* § 8–43–210, C.R.S.2004 ("Depositions may be substituted for testimony upon good cause shown.").

The hospital argues that support for its position can be found in Dep't of Labor & Employment Rule VIII(E)(4), 7 Code Colo. Regs. 1101–3. This rule states: "Discovery, other than evidentiary depositions, shall be completed no later than 20 days prior to the hearing date, except for expedited hearings."

We acknowledge that Rule VIII(E)(4) distinguishes between evidentiary depositions and discovery depositions. But we conclude that this rule supports Thomson's position:

- The pertinent language—"Discovery, other than evidentiary depositions"—indicates that an evidentiary deposition is a type of discovery, not a separate species of procedure.

- Significantly, the director expressly recognized a difference between evidentiary depositions and other forms of discovery in one rule, and did not do so in the other. *Cf.* 2A N. Singer, *Sutherland on Statutory Construction* § 46.07, at 202–03 (6th ed.2000) (where one section of a statute contains a particular provision, omission of the same provision from a similar section is significant to show different legislative intent).

We therefore conclude that the hospital was required to file a written notice and obtain an order from the ALJ before taking the specialist's deposition. In light of this conclusion, we need not address the ALJ's alternative ruling that the hospital was required to file a written motion under § 8–43–207(1)(e), C.R.S.2004.

## II. Reasonableness

The hospital next challenges the determination that its actions were unreasonable. We reject both of its arguments.

### A. Burden of Proof

■ The hospital first argues that the ALJ incorrectly shifted the burden of proof when he found that the hospital's actions were unreasonable. We disagree.

■ An ALJ may impose a penalty under § 8–43–304(1) if it is shown that the employer failed to take an action that a reasonable employer would have taken to comply with a rule. The employer's conduct is measured by an objective standard of reasonableness. *Jiminez v. Indus. Claim Appeals Office, supra.* Whether the employer's conduct was reasonable is a question of fact for the ALJ. *Jiminez v. Indus. Claim Appeals Office, supra; Pueblo Sch. Dist. No. 70 v. Toth,* 924 P.2d 1094 (Colo.App.1996).

As the moving party, Thomson bore the burden of proving that the hospital failed to take an action that a reasonable employer would have taken. *City and County of Denver v. Indus. Claim Appeals Office,* 58 P.3d 1162, 1164–65 (Colo.App.2002). We conclude that Thomson satisfied this burden by proving that, despite the clear mandate of Rule VIII(E)(2)(b), the hospital took the specialist's deposition without filing a motion or obtaining an order from the ALJ.

Because Thomson made a prima facie showing of unreasonableness, the burden of persuasion shifted to the hospital to show that its conduct was reasonable under the circumstances. *See, e.g., Postlewait v. Midwest Barricade,* 905 P.2d 21, 23 (Colo.App. 1995).

The hospital did not offer any evidence to show that its actions were reasonable. It relied solely on its legal argument that evidentiary depositions are exempt from the requirements of Rule VIII(E)(2)(b). As noted above, the ALJ properly rejected this argument. Having done so, the ALJ properly could find that the hospital "failed to establish that unilaterally scheduling the deposition of [the specialist] was reasonable." *See Human Res. Co. v. Indus. Claim Appeals Office,* 984 P.2d 1194, 1197 (Colo.App. 1999) (imposition of penalties was proper where insurer failed to offer a reasonable factual or legal explanation for its actions).

Under the circumstances, the ALJ's finding does not reflect an impermissible shift of the burden of proof.

## B. Evidence

The hospital next argues that the ALJ's determination was not supported by the evidence. Specifically, the hospital challenges the finding that its actions were not "based on a rational argument anchored in fact or law."

Before we can evaluate the merits of the hospital's contention, we must decide whether the ALJ applied the correct standard.

Our cases reflect ongoing debate about the proper measure of "objectively unreasonable" conduct. Some divisions of this court have stated that reasonableness depends on whether the action was "predicated on a rational argument based in law or fact." *Jiminez v. Indus. Claim Appeals Office, supra*, 107 P.3d at 967 (citing *Diversified Veterans Corporate Ctr. v. Hewuse*, 942 P.2d 1312 (Colo.App.1997)). But another division has held that the "rational argument" standard imposes a higher burden than is required under § 8–43–304(1). *See City Mkt., Inc. v. Indus. Claim Appeals Office*, 68 P.3d 601, 604–05 (Colo.App.2003).

We agree with the division in *City Market, supra*. The "rational argument" standard is designed to measure whether the assertion of a claim or defense is "frivolous." *See Tozer v. Scott Wetzel Servs., Inc.*, 883 P.2d 496, 498–99 (Colo.App.1994). This standard is higher than the one required for imposition of a penalty under § 8–43–304(1). Accordingly, we conclude that the ALJ was not required to determine whether the hospital's conduct was "based on a rational argument anchored in law or fact." The ALJ was required to determine whether the hospital's conduct was merely unreasonable.

Because the ALJ found that the hospital's conduct warranted a penalty under the "rational argument" standard, we can safely conclude that the result would have been the same had the ALJ determined whether the hospital's conduct was merely unreasonable. Thus, we can review the evidence under the appropriate standard without need for a remand. *See Aetna Cas. & Sur. Co. v. Kornbluth*, 28 Colo.App. 194, 471 P.2d 609 (1970) (the trial court placed a greater burden of proof on the plaintiffs than they were required to carry; the evidence was sufficient under the correct standard); *see also State v. Stevens*, 311 Or. 119, 137 n. 10, 806 P.2d 92, 104 (1991).

Here, the evidence supports a fair inference that the hospital's conduct was unreasonable. As noted above, Rule VIII(E)(2)(b) plainly states that depositions of nonparty witnesses "may be taken upon written motion, order, and written notice to all parties." Despite this clear direction, the hospital took the specialist's deposition without filing a motion or obtaining an order. Thus, the ALJ's factual finding may not be disturbed. *See Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023 (Colo.2004) (ALJ's factual findings are binding on appeal if they are supported by substantial evidence or plausible inferences from the record).

The order is affirmed.

Judge ROTHENBERG and Judge TAUBMAN concur.