**Tim FERA, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE of Colorado; Resources One, LLC, d/b/a Terra Firma; and Pinnacol Assurance, Respondents.**

No. 06CA1549.

Colorado Court of Appeals, Div. III.

May 3, 2007.

As Modified on Denial of Rehearing June 21, 2007.

Certiorari Granted Oct. 15, 2007.

Jennifer E. Bisset, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Harvey D. Flewelling, Denver, Colorado, for Respondents Resources One, LLC and Pinnacol Assurance.

Opinion by Judge TAUBMAN.

In this workers' compensation action, Tim Fera (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the summary judgment of the administrative law judge (ALJ) dismissing his claim for penalties against Resources One, LLC, doing business as Terra Firma, and its insurer, Pinnacol Assurance (collectively employer). We set aside the final order and remand the case for further proceedings.

Claimant sustained a work-related injury to his back and shoulder in 2003. He underwent cervical fusion surgery for his injury in 2004. However, his condition worsened, and his authorized treating physician (ATP) requested preauthorization from employer's insurer on October 12, 2005, for physical therapy and steroid injections.

Because claimant had a history of injury to the area in question prior to his work-related injury, employer conferred with its insurer's physician advisor, who reviewed claimant's medical records and concluded that claimant's need for continuing treatment was related to his pre-existing condition and not to his work-related injury. Based upon the physician advisor's recommendations, on October 20, 2005, employer advised claimant and his ATP that it was denying the request for additional treatment because it was "not related to the injury/illness for which we have admitted liability."

Two months later, claimant requested a hearing to challenge employer's "refus[al] to authorize reasonable and necessary medical care" and sought penalties for employer's alleged violation of §§ 8–43–304 and 8–43–305, C.R.S.2006. Employer moved for summary judgment on the issue of penalties, arguing that it had fully complied with all applicable rules and statutes in denying claimant's request for preauthorization for treatment. It supported its motion with the affidavit of insurer's adjuster, which set forth the chronology of claimant's request for preauthorization for treatment and employer's denial of the request.

With his response, claimant submitted correspondence, medical records, and two independent medical examination (IME) reports of a physician retained by claimant and a physician retained by employer, both of whom opined that the requested treatment was related to claimant's work-related injury. However, claimant neither offered an affidavit challenging the timeline set forth by insurer's adjuster nor disputed the accuracy of the adjuster's affidavit.

The ALJ granted summary judgment in employer's favor, finding that employer had complied with the timing requirements of Rule 16–10(A) and (B) of the workers' compensation rules of procedure. Dep't of Labor & Employment Rule 16–10(A) & (B), 7 Code Colo. Regs. 1101–3. The ALJ also found that claimant had failed to raise any genuine issue of material fact disputing employer's evidence of compliance with the rules. On review, the Panel affirmed the ALJ's order, finding that "the uncontested evidence [was] sufficient to support the ALJ's implicit finding that the insurer did not unreasonably delay or deny authorization of medical care" for claimant. This appeal followed.

Claimant contends that evidence he presented supported his contention that employer unreasonably delayed or denied his request for preauthorization of medical treatment. He argues that this evidence created disputed issues of material fact that precluded summary judgment, and that the Panel therefore erred in affirming the summary judgment in employer's favor. We agree.

## I. Standard of Review

Based on a rule that became effective in January 2006, summary judgment may be sought in a workers' compensation proceeding before the ALJ. Dep't of Pers. & Admin.

Rule 17, 1 Code Colo. Regs. 104–3. The motion must be supported by "an affidavit or affidavits, transcripts of testimony, or by medical reports or employer records that show that there is no disputed issue of material fact." Dep't of Pers. & Admin. Rule 17. The Colorado Rules of Civil Procedure, including C.R.C.P. 56 regarding summary judgment, also apply to workers' compensation hearings, unless a particular rule is inconsistent with the procedural rules for such hearings adopted by the Department of Personnel and Administration and with the provisions of the Workers' Compensation Act (the Act), § 8–40–101, et seq., C.R.S.2006. Dep't of Pers. & Admin. Rule 2(B); *Nova v. Indus. Claim Appeals Office*, 754 P.2d 800, 802 (Colo.App.1988).

Rule 17 is similar to C.R.C.P. 56, but it differs in two important respects. First, it permits a summary judgment motion submitted to an ALJ to be supported by medical reports or employer records, without the requirement of C.R.C.P. 56(e) that such information be presented using affidavits made on personal knowledge. Second, Rule 17 appears to contravene C.R.C.P. 56 to the extent it requires a moving party to submit a proposed order including "findings of fact." *See McGee v. Hardina*, 140 P.3d 165, 166 (Colo. App.2005) (when court decides summary judgment motion, it does not engage in fact finding).

The applicable procedural rules for workers' compensation hearings do not set forth the standard to be applied by the ALJ when ruling upon a motion for summary judgment in a workers' compensation proceeding. Nor does any provision of the Act set forth a standard for summary judgment. However, we note that Rule 17 paraphrases the language of C.R.C.P. 56(c) in providing that the moving party must "show that there is no disputed issue of material fact and that the party is entitled to judgment as a matter of law."

■ We conclude that, subject to allowing the use of medical records or employer reports, the summary judgment standard of C.R.C.P. 56(c) is therefore applicable. Summary judgment is a drastic remedy and should only be granted upon a clear showing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Goodwin v. Thieman*, 74 P.3d 526, 527 (Colo.App.2003); *see also Mt. Emmons Mining Co. v. Town of Crested Butte*, 690 P.2d 231, 239 (Colo.1984)(summary judgment may not be used as a substitute for trial, "even though it was likely that on a trial, the trier would resolve the disputed issue[ ] as one of fact in the same manner as when thought to have been one of law alone," and "summary judgment is appropriate *only* in those circumstances where there is no dispute as to material facts and thus no role for the fact finder to play").

■ We generally review grants of summary judgment de novo. *See A.C. Excavating v. Yacht Club II Homeowners Ass'n*, 114 P.3d 862, 865 (Colo.2005). However, the Act mandates the standard we must apply when reviewing a decision of the Panel. Among the enumerated bases on which we may set aside a final order of the Panel are:

> that conflicts in the evidence are not resolved in the record; that the findings of fact are not supported by the evidence; that the findings of fact do not support the order; or that the award or denial of benefits is not supported by applicable law. If the findings of fact entered by the director or administrative law judge are supported by substantial evidence, they shall not be altered by the court of appeals.

Section 8–43–308, C.R.S.2006. We must therefore accept the ALJ's statements of undisputed facts pertaining to a claimant's request for penalties against an employer if substantial evidence in the record supports that statement of facts, but we must set aside the grant of summary judgment in an employer's favor if we determine that conflicts in the evidence are not resolved in the record or the order is not supported by applicable law.

## II. Review of Denial of Request for Penalties

The Workers' Compensation Rules of Procedure specify that if an employer contests a claimant's request for preauthorization, the

employer or insurer "shall notify the provider and parties, in writing, of the basis for the contest within seven (7) business days from receipt of the provider's request.... Dep't of Labor & Employment Rule 16–10(A). A related rule specifies that one nonmedical reason for contesting payment is that the billed services are not related to the admitted injury. Dep't of Labor & Employment Rule 16–11(B((1). Claimant does not dispute that employer complied with these provisions and admits that he was notified of employer's contest of his request for preauthorization for medical treatment within the specified time period.

Claimant argues instead that employer nonetheless violated the procedural rules by its "unreasonable delay or denial of prior authorization" and thus is subject to penalties, at the ALJ's discretion. *See* Dep't of Labor & Employment Rule 16–10(F), 7 Code Colo. Regs. 1101–3 ("Unreasonable delay or denial of prior authorization, as determined by the Director or an administrative law judge, may subject the payer to penalties under the Workers' Compensation Act."). He argues that evidence in the record supported his position that employer had unreasonably delayed or denied his request for preauthorization, created a disputed issue of material fact, and rendered summary judgment in employer's favor inappropriate. We agree.

■ Penalties may be imposed against an employer who "(1) violates any provision of the Act; (2) does any act prohibited by the Act; (3) fails or refuses to perform any duty lawfully mandated within the time prescribed by the director or the Panel; or (4) fails, neglects, or refuses to obey any lawful order of the director or the Panel." *Pena v. Indus. Claim Appeals Office*, 117 P.3d 84, 87 (Colo. App.2004); *see also* § 8–43–304(1), C.R.S. 2006. The failure to comply with a procedural rule is a failure to obey an "order" within the meaning of § 8–43–304(1). *Pioneers Hosp. v. Indus. Claim Appeals Office*, 114 P.3d 97, 98 (Colo.App.2005).

An employer or insurer fails to obey an order if it fails to take the action that a reasonable insurer would take to comply with the order. The employer's or insurer's action is therefore "measured by an objective standard of reasonableness." *Jiminez v. Indus. Claim Appeals Office*, 107 P.3d 965, 967 (Colo.App.2003). The reasonableness of an employer's or insurer's action depends on whether the action was predicated on a rational argument based in law or fact. *Jiminez v. Indus. Claim Appeals Office, supra*, 107 P.3d at 967.

Because the issue of the appropriateness of claimant's request for penalties was brought to the ALJ on a motion for summary judgment, the ALJ was required to determine that no material issues of fact were in dispute before granting summary judgment to employer on the issue of penalties. *See Mt. Emmons Mining Co. v. Town of Crested Butte, supra*, 690 P.2d at 239. Unless it could be said as a matter of law that employer's actions were reasonable, *see Jiminez v. Indus. Claim Appeals Office, supra*, summary judgment was inappropriate.

■ Here, the ALJ found, with record support, that employer based its denial of claimant's request for preauthorization on the written opinion of an advisor physician that claimant's need for treatment was unrelated to his work injury, as well as claimant's known and documented preexisting history of neck and shoulder problems. However, the record also contains several medical reports supporting claimant's contrary position that the requested treatment was related to his work injury and should have been covered by employer, including the opinion of claimant's ATP, who sought preauthorization for the proposed treatment, and the reports of two opposing IME physicians, retained by claimant and employer, who both concluded the requested treatment was related to the work injury. We discern no basis in the record for giving more weight to the opinion of insurer's physician advisor than to these contrary medical reports. We also reject employer's contention that when a claimant's request for preauthorization is denied for nonmedical reasons, there cannot be disputed issues of material fact.

Here, the contradictory medical reports disputed whether claimant's need for treatment was related to his work injury and

whether, by relying upon the advice of insurer's advisor physician, employer unreasonably delayed or denied its authorization for claimant's requested treatment. This dispute of material issues of fact precludes summary judgment for employer on the issue of penalties. *See Mt. Emmons Mining Co. v. Town of Crested Butte, supra,* 690 P.2d at 239; *Jiminez v. Indus. Claim Appeals Office, supra,* 107 P.3d at 967. Thus, the ALJ's grant of summary judgment on the issue of penalties, despite the existence of disputed issues of material fact, was not supported by applicable law; the Panel's order affirming the ALJ's decision was likewise unsupported and must be set aside. *See* § 8–43–308.

The order is set aside, and the case is remanded for further proceedings consistent with this opinion.

Judge WEBB and Judge ROMÁN concur.